# Bryden, Appellant, *v.* Delaware, Lackawanna & Western Railroad Company.

*Master and servant—Clerks—Compensation — Notary public — Extra compensation for taking affidavits—Liability of master—Case for jury.*

1. Ordinarily the master is entitled to the servant's earnings made during a period of time which he is bound, under the terms of the contract of hiring, to devote to the discharge of his duties, except in so far as the rights of the parties may have been modified by an expressed or implied agreement.

2. Where a notary is employed as a clerk to perform clerical services only at a stipulated salary, and thereafter at the special request of his employer takes affidavits for which he receives no additional compensation, it is for the jury to determine in an action for the notary fees allowed by law whether the taking of the affidavits was part of the service contemplated by the plaintiff's contract of employment for which he was compensated by his stipulated salary, or whether it was an additional service for which he should be paid the usual fees, and the entry of a nonsuit in such case was error.

3. In such case, the fact that plaintiff upon the payment of his salary signed the pay roll upon which was written "Received of (defendant) the sums set opposite our respective names, in full settlement of all claims to the close of the month named," did not necessarily preclude plaintiff from recovery, where it appeared that he was required to stand in line at the pay window, had no opportunity to read what was written on the pay roll, but only to sign it, was then given his pay envelope and hurried from the window.

Argued May 29, 1918.   Appeal, No. 84, Jan. T., 1918, by plaintiff, from judgment of C. P. Luzerne Co., March T., 1915, No. 361, refusing to take off nonsuit, in case of James R. Bryden v. Delaware, Lackawanna & Western Railroad Company.   Before BROWN, C. J., MOSCHZISKER, FRAZER and WALLING, JJ.   Reversed.

Assumpsit for notary's fees.   Before GARMAN, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Thomas A. Farrell* and *John R. Halsey,* for appellant.

*J. H. Oliver, D. R. Reese,* and *B. R. Jones,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, July 17, 1918:

The appellant entered the service of the appellee in October, 1912, as a clerk in the office of its mechanical engineer, and served in that capacity until some time in September of the following year.   By the terms of his employment he received a salary of $75 per month, which was regularly paid to him upon his signing a pay roll headed as follows: "Received of the Delaware, Lackawanna and Western Railroad Company the sum set opposite our respective names, in full settlement of all claims to the close of the month named."   During the time the appellant was employed by the appellee he held a commission as notary public, and about a week or ten days after he had entered upon his employment was requested to take affidavits for the company.   He did so, taking in all, up to the time he resigned, 8,529, and this action was brought to recover the notarial fees for such services, amounting to $2,132.25.   The averments in the

statement of claim—which are not denied in the affidavit of defense—are that the said affidavits were taken for the defendant at its special instance and request, and the fees charged are those fixed by the law of the State. At the close of the testimony—the plaintiff being the only witness called—a nonsuit was entered, and from the refusal to take it off he has appealed.

The learned trial judge held that the receipt on the pay roll, while prima facie evidence in favor of the defendant, was not in itself a bar to plaintiff's recovery, in view of the following testimony elicited from him on cross-examination: "Q. Now, Mr. Bryden, when you signed that did you notice above your signature this receipt 'received of the Delaware, Lackawanna & Western R. R. Co. the sum set opposite our respective names in full settlement of all claims to the close of the month named'? A. I did not, I was pushed up to the pay window with a line a mile long and urged to get through, grabbed my envelope and ran. I did not have a chance to read anything, only a chance to sign."

The nonsuit was entered on the sole ground that "the master is entitled to the servant's earnings made during a period of time which he is bound, under the terms of the contract of hiring, to devote to the discharge of his duties, except in so far as the rights of the parties may have been modified by an express or an implied agreement." As a general proposition this is undoubtedly correct, but, under plaintiff's testimony, it was for the jury to say whether his salary as clerk covered fees for services rendered as notary public. He testified that he was employed simply as a clerk, and that the representative of the company who employed him told him his duties would be "to dictate correspondence and do things of that nature." He further stated, in effect, that at the time he was employed nothing was said to him about taking affidavits. During ten months he took 8,529 for the appellee, the fees for which, allowed by law, amount to $2,132.25. For those ten months he was paid but $750,

and the contention of the appellee is that this sum paid him not only for his clerical services, but for his notarial services as well. It may set up a defense which will justify such a finding by a jury, and, under plaintiff's case as presented in the court below, the burden of defending was upon it. This is all we now decide, for there is no other question before us. Matters of defense, such as an extract from the application of the appellant for employment, quoted in appellee's printed argument, are not for our consideration at present, for they were no part of the evidence before the court below upon which the judgment of nonsuit was entered.

Leach v. The Hannibal & St. Joseph Railroad Company, 86 Mo. 27, is cited by learned counsel for appellee in support of the judgment of the court below. The situation there was singularly similar to the one presented here. Leach, as a notary public, sued for notarial fees for services rendered during a period when he was a salaried employee of the railroad company. He recovered in the court below, but the judgment on the verdict was reversed because the trial judge refused to admit in evidence a receipt similar to the one signed by this appellant. In holding that the plaintiff's case was for a jury, by remanding the cause for a retrial, the court said: "Whether these notarial services were distinct from, and independent of, and not embraced in, the plaintiff's contract of service, was, we think, a question of fact to be determined under proper instructions, from the consideration of all competent evidence that might be offered thereon by the parties." This is rather in support of the appellant than of the appellee.

The assignment of error is sustained and the judgment reversed with a procedendo.