## J. S. Pitt, Claimant, *v.* W. H. Dawson, Defendant-Appellant.

*Workmen's compensation—Injury within scope of employment—Employer and employee relationship—Evidence.*

An award of the Workmen's Compensation Board, allowing compensation for an injury to an eye, resulting in the loss of the sight of both eyes, will not be disturbed, where the referee found, as a fact, that defendant conducted a coal mine on his farm as a business and for profit, and employed the claimant in the capacity of a miner, and there was sufficient evidence to sustain these findings.

The fact that claimant mined coal, intermittently, will not preclude him from receiving compensation, where there is sufficient evidence to sustain the finding that the defendant directed where and how the coal should be mined and the claimant worked in response to such orders.

An individual may be a farmer and also conduct a coal mining business with all the duties and responsibilities of the latter calling.

Argued April 27, 1925. Appeal No. 189, April T., 1925, by defendant from judgment of the Court of Common Pleas, Allegheny Co., October T., 1924, No. 861, sustaining the award of the Workmen's Compensation Board, in the case of J. S. Pitt v. W. H. Dawson. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

232       J. S. PITT *v.* W. H. DAWSON, Appel.

Statement of Facts—Opinion of the Court.   [86 Pa. Superior Ct.

Appeal from award of Workmen's Compensation Board. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*W. H. Dodds,* and with him *T. C. Noble,* for appellant, cited: Kelley v. Delaware, Lackawanna and Western R. R. Co., 270 Pa. 426; Smith v. State Workmen's Insurance Fund, 262 Pa. 286. The appellant was not engaged in a business within the Compensation Act: Marsh v. Groner, 258 Pa. 473; Blake v. Wilson, 268 Pa. 469; Callihan v. Montgomery, 272 Pa. 56.

*Charles H. Young,* for appellee, cited: McColligan v. Penna. R. R. Co., 214 Pa. 229; Simonton v. Morton, 275 Pa. 562; Swartz v. Borough of Hanover, 278 Pa. 134.

OPINION BY LINN, J., July 9, 1925:

This is an appeal from a judgment for workmen's compensation. The claimant was a coal miner; while mining, he sustained an injury to an eye, resulting in the loss of the sight of both eyes. Those facts appellant concedes, contending however that for either of two reasons, he is not liable to pay compensation: (1), that claimant was not his employee but an independent contractor; and (2), that the employment was "casual in character and not in the regular course of the business of the employer."

Article I, section 104 (1915, P. L. 736) provides: "The term 'employe' as used in this act is declared to be synonymous with servant, and includes all natural persons who perform services for another for a valu-

able consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer......"

The referee found from the evidence that claimant was employed by appellant as a miner, and also that appellant "conducted a coal mine on his farm as a business and for profit." Our "revisory powers are limited to the determination of the question whether there is evidence to support the findings of fact, and whether the law has been properly applied to them": Callihan v. Montgomery, 272 Pa. 57, 61. Appellant concedes that he is a farmer, and has a coal mine on his land. Claimant had mined coal for appellant some time prior to the period of employment now in discussion, and in October, 1921, appellant again employed claimant, saying "I need a little coal for the house, I will give you $6 for 100 bushels of coal and if you dig any more I will give you $7." We note here that the mining done was much in excess of the household necessities and in fact for purposes of sale to anyone who would buy. Claimant began working and continued in appellant's employment until the date of injury, in March, 1922, having in that time mined between 800 and 900 bushels of coal, with such apparently frequent intervals of idleness as he chose. During part of that period one Heasley was also employed by appellant to mine coal and also assist at farm work, though claimant had nothing to do with the farm work. There is evidence that appellant sold coal to "farmers around who came to the mine for it." Asked, "Now who looked after the mine and the selling of the coal?", claimant answered "Mr. Dawson looked after it himself"; he also testified that appellant instructed him where to mine, "he told me to go to that room; he wanted it drove up through in a big kilter. I went in there and drove it up through." Another witness, asked whether appellant sold "coal to the general trade", replied, "to the public for drilling wells or

anything like that......'' Appellant testified that he sold coal to farmers and that his other employee, Heasley, dug more coal than claimant.

It is obvious that there is evidence to support both conclusions complained of. Appellant in support of his first contention cites precedents (like Simonton v. Morton, 275 Pa. 562) to the effect that where the contractee reserves no control over the work or workman, the relation of master and servant does not exist; they do not rule this case, for here there is evidence that he told claimant exactly where to mine and how he wished the mine driven; and that Heasley "looked after the inside for Mr. Dawson." While it is true appellant denies part of claimant's evidence, we must disregard the denial in applying the rule of decision already quoted. So with appellant's other proposition. A man may be a farmer, and also conduct a coal mining business. The evidence is sufficient to sustain the finding that the employment was not casual in character but that appellant was also engaged in the business of mining and selling coal: Marsh v. Groner, 258 Pa. 473, 477; Callihan v. Montgomery, 272 Pa. 57, 69.

Judgment affirmed.