# Campagna, Appellant, *v.* Ziskind.

*Master and servant—Negligence — Workmen's compensation — Independent contractor—Evidence—Province of court and jury— Casual employment—Transportation to work—Act June 2, 1915, P. L. 736.*

1. An action of trespass for personal injuries will not be sustained where it is shown that plaintiff and defendant bore the relation of master and servant to each other at the time of the accident.

2. The remedy of the plaintiff under such circumstances is by proceedings under the Workmen's Compensation Act.

3. To constitute an independent contractor, it must appear that a contract has been made for the doing of some work by another,

the latter having the exclusive control of the manner of conducting and performing it.

4. If, however, the means of carrying out the duties are subject to the directions of the employer, the conclusion is otherwise.

5. Where a man regularly engaged in building operations employs another to make necessary measurements on the ground, and drive the required stakes for a building, and the person engaged is to be paid by the hour, and is to have the assistance of one workman to be paid by the contractor, the man so engaged is a servant of the contractor as to the measurements, and not an independent contractor.

6. In such case it is immaterial that, in previous operations, the employee, after having made the measurements, had been engaged as an independent contractor to build the walls; nor is it material that the exact wages per hour were not fixed.

7. The contractor in dealing with the employee for the making of measurements, was not a person whose employment was "casual," within the meaning of the Workmen's Compensation Act of June 2, 1915, P. L. 736.

8. The questions whether or not the relation of master and servant existed, and whether the employment was "casual" or not, were for the court, where the facts were not in dispute, and the evidence was direct and certain, presenting no question of credibility.

9. Where, under a contract of employment, the employer, in order to secure the service, and as part of the consideration, agrees that transportation shall be supplied to or from the place of work, the right to compensation is fixed by the beginning of the journey to such point or the ending of it on return. If the employee is injured in the course of the journey to or fro, he is entitled to relief under the Workmen's Compensation Act.

Argued September 30, 1926. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 92, March T., 1926, by plaintiff, from order of C. P. Allegheny Co., July T., 1924, No. 2443, refusing to take off nonsuit, in case of Michael Campagna v. Harry Ziskind. Affirmed.

Trespass for personal injuries. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Francis A. Wolf,* for appellant.—Under the evidence, the only relation that appellant ever sustained to appellee was that of independent contractor, doing independent pieces of work, the control over neither the manner nor the means of doing which was reserved by appellee: Smith v. Ins. Fund, 262 Pa. 286; Harrison v. Collins, 86 Pa. 153; Edmundson v. R. R. Co., 111 Pa. 316; Miller v. Merritt, 211 Pa. 127; Karl v. Juniata Co., 206 Pa. 633; Bachler v. Widmyer, 242 Pa. 108; State v. Ins. Fund, 262 Pa. 286; Colleoni v. D. & H. Co., 274 Pa. 319.

The contract of employment in this case being verbal, its interpretation was for the jury, as was also the determination of the question of fact, of employee or independent contractor, and the court erred in taking these questions from the jury: Pessano v. Eyre, 13 Pa. Superior Ct. 157; Phila. v. Stewart, 201 Pa. 526; Stahl v. Coal Co., 268 Pa. 452; Callihan v. Montgomery, 272 Pa. 56.

Appellant was not injured on appellee's premises, or while actually engaged in the furtherance of appellee's business; nor was he injured while being transported to work in accordance with a contract of employment; therefore, the workmen's compensation law has no application to this case: Maguire v. Jas. Leeds & Sons Co., 273 Pa. 85; Chase v. Emery Mfg. Co., 271 Pa. 265; Shickley v. Coal Co., 274 Pa. 360; Stahl v. Coal Co., 268 Pa. 452; Wilkins v. Coal Co., 82 Pa. Superior Ct. 128.

*John C, Sherriff,* with him *A. M. Simon* and *Paul E. Hutchinson,* for appellee.—The evidence establishes the relationship of master and servant between the parties.

There being no dispute as to the terms of the oral contract and no ambiguity which needs explanation, it was for the court to determine the meaning of the contract: Elliott v. Wanamaker, 155 Pa. 67; Corr v. Colliery Co., 63 Pa. Superior Ct. 56.

The contract between the parties was that appellant should be transported to work by appellee, and his working time had begun when he was injured: Dunn v. Trego, 279 Pa. 518; Logan v. Coal Co., 79 Pa. Superior Ct. 421; Strohl v. R. R., 270 Pa. 132.

OPINION BY MR. JUSTICE SADLER, November 22, 1926:

Campagna, plaintiff, was a stone mason, and for many years had been employed in that kind of work. Ziskind, defendant, was engaged in the erection of buildings, and had secured the services of the former on numerous operations, including the construction of. twelve or more houses during the year 1923. He had marked off the various properties, fixing the cellar lines, and "then" had been given a contract to put up the walls. For the labor performed he was paid at the end of each week compensation of $1.25 per hour, based on his record of the time consumed. In October, 1923, defendant arranged to put up two more buildings, and requested the plaintiff to go upon the ground, make the necessary measurements, and drive the required stakes. In this work, at least one carpenter, employed and paid by Ziskind, was to furnish assistance.

Plaintiff demurred to working on the day specified, it being a holiday, but finally agreed, with the understanding that he should be driven to the place by Ziskind, who undertook to convey him from his home at seven o'clock in the morning of November 1st. At that time defendant called in his automobile, and Campagna, carrying his tools, was given transportation. On the road a collision occurred, resulting in injury to the plaintiff, who later brought an action to recover damages alleged to have been occasioned by defendant's negligent operation of the car. At the conclusion of claimant's case, the trial judge entered a compulsory nonsuit, which the court in banc refused to take off, and this appeal followed.

It was held the evidence disclosed plaintiff to be an employee of the defendant, and that the injury sustained was compensable, if at all, under the provisions of the Workmen's Compensation Act. Appellant insists this ruling was incorrect, as the relation of Campagna to defendant was not that of employee, but independent contractor. If the testimony established this assertion, then the complaint now argued is well founded, for the legislation referred to would have no application to such a situation: Gailey v. Workmen's Ins. Fund, 286 Pa. 311. To constitute an independent contractor, it must appear that a contract has been made for the doing of some work by another, the latter having the exclusive control of the manner of conducting and performing it: Simonton v. Morton, 275 Pa. 562; Swartz v. Hanover Borough, 278 Pa. 134. If, however, the means of carrying out the duties are subject to the directions of the employer, a different conclusion is to be reached: McCall v. Bell Tel. Co., 79 Pa. Superior Ct. 505; Pitt v. Dawson, 86 Pa. Superior Ct. 231; Kelley v. D., L. & W. R. R. Co., 270 Pa. 426.

The determination of this question depends on the proven facts. It appeared in this case that plaintiff was engaged to measure off the wall with the assistance of one other employed by defendant. He had no contract to build any wall, and, if we are to judge by the custom followed between the parties on former occasions, did not expect one would be given to him until after this work of staking out the ground was completed. He was to be paid presumably as before at an hourly rate for time expended, though no express stipulation as to the charge contemplated appears in this instance. The fact that this sum was not definitely fixed is immaterial, since the employee could recover what the services were reasonably worth: Tarr v. Hecla Coal & Coke Co., 265 Pa. 519. There is no evidence that the undertaking was other than to measure and mark the lots. The fact that such service had been previously followed

by the letting of a contract for the building of the walls can be of no importance in this case, nor is the statement of plaintiff that, in so constructing at other times, he was in full control, sufficient to sustain a finding that he was an independent contractor as to the work which he here agreed to perform. Indeed, the contrary appears, since plaintiff proved that this was to be done with the assistance of another, not employed or paid by him.

Appellant contends, since the agreement was in parol, it was necessarily for the jury to say whether Campagna was an independent contractor or employee. It is undoubtedly true that, where there is a doubt as to the meaning of words used by the contracting parties, or they are ambiguous, the court will not undertake to determine the true understanding: Bryden v. D., L. & W. R. R. Co., 262 Pa. 211. But if the facts are not in dispute, and the evidence is direct and certain, presenting no question of credibility, and leaving no sufficient ground for inconsistent inferences of fact, it is for the court to declare their legal effect: Corcoran v. Life Ins. Co., 183 Pa. 443; Saxman v. McCormick, 278 Pa. 268; Elliott v. Wanamaker, 155 Pa. 67. A like rule has been applied, the basic facts not being in controversy, where the question was raised as to the sufficiency of the evidence to prove claimant was within the course of employment, when injured: Callihan v. Montgomery, 272 Pa. 56; Berlin v. Crawford, 86 Pa. Superior Ct. 283. The court below properly held that plaintiff's own statement showed he was not an independent contractor.

It is further insisted that Campagna did not come within the scope of the Workmen's Compensation Act, because of the exception appearing in the statute, supplementary to the original (Act June 2, 1915, P. L. 736, section 104, article I), which excludes from its operation "persons whose employment is casual in character and not in the regular course of the business of the employer." The defendant in this case was engaged in

building construction. One of the regular steps in each operation was staking off the ground preparatory to the digging of the cellar, and the setting up of its walls, and plaintiff was engaged in this necessary and usual part of the work. Whether the undisputed evidence shows in any case that the labor is in the regular course of business is for the court: Houlehan v. Pullman Co., 280 Pa. 402; Shickley v. P. & R. C. & I. Co., 274 Pa. 360. What constitutes casual employment and regular business has been frequently the subject of discussion in our cases (Blake v. Wilson, 268 Pa. 469; Callihan v. Montgomery, supra), and need not be elaborated here, for it is clear that the character of labor Campagna undertook to perform was of a nature necessarily required in building operations such as defendant was regularly engaged in. Nor can there be question, under our act, that it must appear the employment, during the course of which injury occurred, was both casual and not in the regular conduct of business: Hauger v. Walker Co., 277 Pa. 506. Even if the court below would have been justified in holding the first element to be lacking, it could not have so held as to the second, and, therefore, the employment cannot be said to come within the exception.

The statement of questions involved contains the complaint that the service of plaintiff did not begin when he entered the automobile to be taken to work as agreed upon, it being insisted that at the time of the injury he was not engaged in the business of the employer, but was merely a guest of the driver until the actual place of employment was reached. The court below was not asked to so hold, nor was the case tried on such a theory. We might content ourselves with saying it is too late to raise this objection on appeal: Saxman v. McCormick, supra. The applicable law is, however, clear, and makes necessary the determination adversely to appellant of the question raised. Though the liability of an employer, under the compensation act, is ordinarily limited to injuries received while the servant is upon the prem-

ises, yet this responsibility is extended where engaged beyond in furtherance of the master's business. So, also, when to secure a service, and as a part of the consideration, it is agreed that transportation shall be supplied to or from the place of work, the right to compensation is fixed by the beginning of the journey to such point, or the ending of it upon return: Cymbor v. Binder Coal Co., 285 Pa. 440; Dunn v. Trego, 279 Pa. 518; Knorr v. C. R. R. of N. J., 268 Pa. 172. In the present instance, the plaintiff would undertake the employment only if transported to the ground where the building was to be constructed. He left in the auto provided at the usual hour for beginning the day's work, carrying his tools with him. At that time his service commenced, and the liability of the owner, under the Workmen's Compensation Act, began then, if harm occurred, as it did. Under the statute, the remedy provided is exclusive, and it was properly held that an action in trespass for the damage sustained could not be maintained.

The judgment is affirmed.