## De Kaverninsky v. Stotesbury et al.

*Maxwell Strawbridge* and *Harry M. Sablosky*, for petitioner.
*Edward Foulke* and *Louis M. Childs, II*, contra.

KNIGHT, J., May 5, 1933.—E. T. Stotesbury is the owner of a palatial home in Springfield Township. In 1925, Mr. Stotesbury employed a number of night watchmen, whose duty it was to patrol the mansion house and the grounds immediately surrounding the same, in order to guard the person and property of their employer. In October 1925, the plaintiff was employed by the superintendent of the Stotesbury estate to act as head watchman or captain of the guards. It was his duty to patrol the house and adjacent grounds, and to oversee the work of the other watchmen. For this service, he received his uniform, $40 a week, and, as he did not sleep in the house, he was allowed as part of his compensation one meal, his carfare between Philadelphia and Wyndmoor, and transportation from the station to the Stotesbury home and from the home to the station in one of Mr. Stotesbury's automobiles. The plaintiff continued in this employment from October 1925 to June 1930.

On May 21, 1930, the plaintiff, returning from his employment, was being transported as a passenger from the Stotesbury home to the station in one of

the Stotesbury automobiles, driven by a chauffeur employed by the second defendant. On the journey the automobile in which plaintiff was riding collided with an automobile owned by C. Jared Ingersoll, and the plaintiff was injured. To recover damages, the plaintiff brought suit against Stotesbury and Ingersoll, as joint tortfeasors. Mr. Stotesbury now challenges the jurisdiction of this court, as to the suit against him, on the ground that the plaintiff, his employe, was bound by the provisions of the Workmen's Compensation Act. The plaintiff concedes that when injured he was within the course of his employment, but insists upon his common-law right of recovery against his employer, on the ground that he falls within the class or classes of employes expressly excluded from the provisions of The Workmen's Compensation Act of 1915.

Section 104 of the act provides: "The term 'employe' as used in this act is declared to be synonymous with servant, and includes all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer."

While it does not appear in the pleadings or depositions, it is a matter of common knowledge that Mr. Stotesbury is a prominent banker, whose business is in the City of Philadelphia, and a watchman at his private residence could hardly be said to be employed in the regular course of the banking business. The word "business", as used in the act, means some particular occupation or employment habitually engaged in for livelihood or gain: Marsh v. Groner, 258 Pa. 473. No one would say that Mr. Stotesbury maintained his private residence for livelihood or gain. Therefore it is argued, with much force, that the plaintiff was not engaged in the regular course of his employer's business, and counsel for the plaintiff contends that it necessarily follows that the plaintiff is excluded from the provisions of The Workmen's Compensation Act under section 104, supra.

A close reading of the section, however, shows that the employe comes within the exception only when his employment is "casual in character and not in the regular course of the business of the employer", and the Supreme Court has held that to exclude an employe from the act, the employment must be both casual and not in the regular course of business of the employer: Blake v. Wilson, 268 Pa. 469; Campagna v. Ziskind, 287 Pa. 403; Persing v. Citizens Traction Co., 294 Pa. 230.

In the present case, the last element is apparent, that the plaintiff was not employed in the regular business of his employer; but as to the first element, it is equally clear that his employment was not casual. He had been engaged in the same occupation, in the employ of the same man, for nearly 5 years, and by no stretch of the imagination could this employment be termed "casual". Since our Supreme Court has held that both elements must be present, in order to exempt the employe from the provisions of the Compensation Act, it may be logically inferred that when only one of the necessary elements exists in a case the act applies to the relationship of the employer and employe so far as section 104 is concerned.

We are aware that the Court of Common Pleas of Columbia County came to a different conclusion in Nelson v. Robbins, 27 Dist. R. 1063. That case was decided in 1918, before the Supreme Court had handed down the decisions in Blake v. Wilson and Campagna v. Ziskind, supra. The common pleas judge did not give to the conjunction "and" in section 104 the meaning and significance imported to it by the Supreme Court in the later cases.

The same legislature which in 1915 enacted the Workmen's Compensation Act, P. L. 736, passed an amendment to the act, P. L. 777, by the terms of which

any person engaged in domestic service or agriculture at the time of injury is excluded from the provisions of the Compensation Act. We have now to consider whether the plaintiff was engaged in domestic service within the meaning of the amendment above mentioned.

"Domestic" is defined in 2 Century Dictionary as "Relating or belonging to the home or household, or to household affairs; pertaining to one's place of residence, or to the affairs which concern it, or used in the conduct of such affairs." Webster's International Dictionary (1928) defines "domestic" as "of or pertaining to one's house or home, or one's household or family; relating to home life."

It was the plaintiff's duty to patrol the house, both inside and out, to see that no intruder disturbed the peace and quiet of the household, to guard the family against harm, and his master's property from damage and theft. His service was as conducive to his employer's sense of security and well-being as was the service of the butler. His duties were as personal and intimate as were the duties of the cook, chambermaid, or waitress. His employment related solely to his employer's home and household. In the common and usual sense, he was engaged in domestic service.

We are therefore of the opinion that the plaintiff came within the amendment to The Workmen's Compensation Act and that he is not bound by its provisions. It follows that he has the right to sue his employer under the common law, and that the present rule must be discharged.

And now, May 5, 1933, the rule is discharged, and an exception allowed the defendant, E. T. Stotesbury.

From Aaron S. Swartz, Jr., Norristown, Pa.