## Haddock *v.* Edgewater Steel Co. et al., Appellants.

*Workmen's compensation—Course of employment—Act of June 2, 1915, P. L. 736—Findings of facts—Circumstantial evidence.*

1. Where a mechanical engineer employed on a salary, with no fixed hours of service, is instructed by his employer to go to a distant city to gather information for use in his employer's steel plant, and on his return arrives at his station in a city at about eleven-thirty p. m., and while going from the station to his home is fatally injured by an automobile at a street crossing, the deceased will be deemed to have been injured in the course of his employment within the meaning of the Act of June 2, 1915, P. L. 736.

2. Since, in such a case, the deceased was compelled to return to the city when he could not at once communicate with his superior, and had to stay somewhere until he could report, he cannot be charged with a departure from his employer's service because, when hurt, he was going to his home for a lodging, rather than to an hotel.

3. Under the Workmen's Compensation Act, the compensation authorities whose duty it is to find the facts, may find them either from direct proof, circumstantial evidence, or by inference from other facts.

Argued Oct. 15, 1918. Appeal, No. 102, Oct. T., 1918, by defendant, from order of C. P. Allegheny Co., April T., 1918, No. 485, dismissing appeal from award of the Workmen's Compensation Board in case of Clarissa T. Haddock v. Edgewater Steel Company, defendant, and Maryland Casualty Company, Insurance Carrier. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before MACFARLANE, J.

From the record it appeared that the proceedings were instituted to recover compensation for the death of Edwin J. Haddock, a mechanical engineer in the employ of the Edgewater Steel Company. The circumstances relating to his death are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing appeal from Workmen's Compensation Board.

*Robert A. Applegate,* with him *Rose & Eichenauer,* for appellants.—An employee is not within the protection of the compensation laws while on his way to and from his place of work: Guastelo v. Michigan Cent. R. R. Co., 160 N. W. 484; Ward v. Thomson, 2 Pa. Department Rep. 507; Desarno v. D., L. & W. R. R. Co., 2 Pa. Dept. Rep. 1271.

*L. Pearson Scott* and *A. Leo Weil,* of *Weil & Thorp,* for appellee, were not heard.

OPINION BY MR. JUSTICE MOSCHZISKER, January 4, 1919:

Edwin J. Haddock, an engineer by profession, employed on a salary, with no fixed hours of service, by the

Edgewater Steel Company, defendant, at its plant in Allegheny County, was instructed by the president of that corporation to go to Lowellville, Ohio, and examine the natural gas burners in the open hearth furnaces of the Youngstown Iron & Steel Company, for the purpose of obtaining information to be used in the construction of similar burners in defendant's works. In pursuance of these instructions, Haddock left Pittsburgh at midday, April 6, 1917, and arrived at his destination that afternoon. He made the required examination, and returned to Pittsburgh, by railroad, the same evening. About 11:30 p. m., while on the way to his residence in the latter city, he was accidentally struck by an automobile, at a street crossing, which casualty resulted in his death. Defendant company had sent deceased previously on like trips.

After finding the material facts just stated, the referee concluded that, at the time Haddock sustained the injury which caused his death, "He was in the course of his employment with the defendant company within the meaning of Section 301, Article III of the Workmen's Compensation Act of June 2, 1915 (P. L. 738)," and awarded compensation to his widow, the claimant.

The defendant, and the Maryland Casualty Company, insurance carrier, both appealed to the Workmen's Compensation Board, which affirmed the referee; from this decision an appeal was taken to the Court of Common Pleas of Allegheny County, which affirmed the board; the present appeal followed.

As correctly stated by Chairman MACKEY of the compensation board, in his opinion sustaining the award, "The deceased was not an ordinary day laborer, whose duties ceased upon the blowing of a whistle and leaving the employer's premises; but was a skilled and technical employee receiving sufficient compensation to enable the employer to call for his contribution of expert knowledge during any hour of the day or night. He was commissioned to go to another city to transact business of

importance for his employer. He surely was in the course of his employment at the conclusion of that day's engagement when he was taken to a train near Youngstown for the purpose of returning to Pittsburgh. No one could deny that he was in the course of his employment when on the train for his destination—Pittsburgh. It was necessary for him to arrive there at night; had he gone directly from the railroad station to Oakmont, the site of the employer's plant, no one would deny that, while on this journey, he was still in the course of his employment. Who, then, can deny that he was in the course of employment when, having arrived at Pittsburgh late at night, he did the usual, ordinary and reasonable thing in going to his home before he reported to his employer?"

This is not the case of an employee injured, after regular working hours, on the way to his home; and we agree with the court below that there is nothing upon the record to show Haddock had, at the time of the accident, "ceased to be active in the furtherance of his employer's business." True, the facts as found indicate that plaintiff's husband intended stopping at his own residence, to sleep for the night, before reporting the results of his trip of investigation to the president of the defendant corporation; but, none the less, he was still upon his employer's errand and, in that sense, actually engaged in the furtherance of the latter's business or affairs. Since deceased was compelled to return to the city at an hour when he could not at once communicate with his superior, and had to stay somewhere until he could report, he cannot be charged with a departure from his employer's service because, when hurt, he was going to his home for a lodging, rather than to an hotel; hence the findings of the referee are ample to sustain the ultimate conclusion upon which the award of compensation rests, to the effect that plaintiff's husband met his death by accident during the course of his employment with the defendant company.

In considering the legal aspect of the question, whether or not the underlying findings reported by the referee are sufficient to bring the case within the definition of the phrase "course of employment," contained in Section 301, Article III, of the compensation act, we have kept in mind the liberal construction placed upon the words of such statutory definition by this court in Dzikowska v. Superior Steel Co., 259 Pa. 578, and the right and power vested in the compensation authorities to find the facts, whether from direct proof, circumstantial evidence, or by inference from other facts: see Flucker v. Carnegie Steel Co., 263 Pa. 113.

The judgment of the court below is affirmed.