## Kelling et al., Appellants, *v.* Froemming Bros., Inc.

*Workmen's compensation—Course of employment—Furtherance of business.*

1. Where a man employed as camp boss on construction work, and, by the terms of his employment, required to be on duty seven days in a week, is directed to take an automobile either Saturday or Sunday, at his discretion, and drive to a town named, to procure truck drivers who lived "around" such town, and he drives on Sunday to the town and beyond it to secure drivers, and while beyond the town is killed in an accident to the automobile, he is killed in the course of his employment in furtherance of the business of his employer.

Argued September 27, 1926.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 105, March T., 1926, by plaintiffs, from judgment of C. P. Fayette Co., March T., 1926, No. 631, reversing decision of Workmen's Compensation Board, in case of Amanda and Richard Kelling v. Froemming Bros., Inc., and Commercial Casualty Insurance Co., insurance carrier.   Reversed.

Appeal from decision of Workmen's Compensation Board.   Before HUDSON, P. J., HENDERSON and MORROW, JJ.

The opinion of the Supreme Court states the facts.

Decision reversed in opinion by MORROW, J., HUDSON, P. J., dissenting.   Plaintiffs appealed.

*Error assigned* was judgment, quoting it.

*H. S. Dumbald,* with him *John T. Silveus,* for appellants.—A presumption arises that deceased, having started in the performance of his duties in furtherance of the master's business, continued so until his return to his place of employment and until the close of the day, which he was not permitted to spend for himself in his own way, but for which the employer was paying him for doing the particular task assigned for that day: Haddock v. Steel Co., 263 Pa. 120; Flucker v. Steel Co., 263 Pa. 113; Granville v. Coal Co., 76 Pa. Superior Ct. 335; Messer v. Mfg. L. & H. Co., 263 Pa. 5.

*George Y. Meyer,* for appellees.—There is no evidence in the record which will support a finding that deceased at the time of his death was actually engaged in the furtherance of the duties of his employment: Maguire v. Lees & Sons, 273 Pa. 85; Cymbor v. Coal Co., 285 Pa. 440; Rotolo v. Furnace Co., 277 Pa. 70; Wolcofski v. Coal Co., 278 Pa. 84.

OPINION BY MR. JUSTICE FRAZER, November 22, 1926:

The claim in this case is under the Workmen's Compensation Law, by the widow and son of one of defendant's employees who was injured in an automobile accident and subsequently died from the effects of his injuries. The referee's finding in favor of claimants was sustained by the compensation board. On appeal to the common pleas, however, the finding of the board was reversed, and judgment entered for defendant on the ground that sufficient proof was not presented to show decedent was acting in the course of his employment at the time the accident occurred. Claimants appealed.

Decedent's position was that of camp boss on construction work in which defendant company was engaged at Waynesboro this State, and under the terms of his employment he was required to be on duty seven days a week.

The question here presented is, was claimants' decedent, at the time of the accident which resulted in his death, actually engaged in the furtherance of the business or affairs of his employer, within the meaning of section 301, article III, of the Workmen's Compensation Act of 1915, P. L. 738. A careful reading of the testimony discloses the following facts: Kelling having been refused relief from duty on Sunday, November 9, 1924, was instructed to take an automobile belonging to defendant and drive to Rice's Landing and Uniontown, if necessary, and secure the services of three truck drivers for defendant. At the former place he was directed to see one McElhome, who was acquainted with that class of workmen. Pursuant to instructions Kelling left the camp early Sunday morning for Rice's Landing in defendant's automobile, accompanied by his young son and three other employees of defendant; not meeting with success at this stop, he drove to Uniontown and, having failed to secure drivers in that city, informed his companions they would proceed further on the National Pike, and while driving along that road southeast of Uniontown the automobile skidded and upset, inflicting injuries on Kelling which resulted in his death the following day.

While it is argued the trip was to have been taken Saturday instead of Sunday, and that the Sunday drive was presumably taken by Kelling for his personal pleasure, there is ample evidence to support the conclusion that the instructions were to take the trip on Saturday or Sunday; at least we find nothing to indicate he was confined to either day, but was at liberty to exercise his discretion as to the time for starting. As a matter of fact he performed other duties required of him at the camp early Sunday morning, and left immediately thereafter with the apparent intention of securing truck drivers for defendant in accordance with his instructions. That he was accompanied by three other employees of defendant is immaterial in view of the fact that

no prohibition existed to his inviting others to travel with him. Neither does it necessarily follow that the errand was completed or his employment ended at the time he left Uniontown. His instructions were to procure truck drivers who lived "around Rice's Landing and Uniontown," and this necessarily gave him latitude as to the exact neighborhood he might be required to visit in his search for labor of the character indicated. The evidence tends to show he actually started on his mission. The route he followed and the fact that he was in conversation with persons at both Rice's Landing and Uniontown, clearly indicates such to be the case, and we find nothing in the testimony from which we can reasonably infer the errand was completed or that he was driving on business or pleasure of his own at the time the accident happened.

Deceased did not occupy the position of a day laborer whose employment ceased upon his finishing a fixed number of hours of work; his duties required him to be in camp continuously, Sundays and week days, early and late. In performing the commission in question he was obliged to exercise a discretion vested in him by his employer and use his judgment as to the time for departing and the distance necessarily to be traveled. Should his visit to either place named prove fruitless his instructions were broad enough to justify his following up information obtained concerning the possibility of procuring men in adjacent neighborhoods. His orders were to procure truck drivers and he was not confined to visiting any particular locality. It was not only necessary for him to drive to the towns suggested by his employer, but also that he return home. His employment and duties, consequently, continued without interruption from the time he left camp until his return, unless direct evidence is produced to show his errand had been completed and he was not on his return trip but traveling on a mission of his own not connected with his employment. The record discloses no such evidence. The

principles here involved were recently discussed by this court in Messer v. Manufacturers Light and Heat Company, 263 Pa. 5, and Haddock v. Edgewater Steel Company, 263 Pa. 120. In view of these decisions, and under the facts of the present case, we are of opinion the evidence is ample to sustain the findings of the referee and compensation board to the effect that Kelling was "actually engaged in the furtherance of the business or affairs" of his employer at the time he received the injury which resulted in his death.

The judgment of the court below is reversed and judgment is here entered in favor of claimants for the amount of the award of the compensation board, together with costs of this appeal.