OLREE v. WHITE STAR REFINING CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSABLE INJURY.

> Decision of department of labor and industry that injury to landscape gardener, employed by oil company to care for its gas and oil stations in city and out in State and furnished maintenance of automobile for said purpose, who was injured while driving home at night from neighboring city where he was supervising work for employer, did not arise out of and in course of employment, under workmen's compensation act, is affirmed, on review, by equally divided court.

Certiorari to Department of Labor and Industry. Submitted April 11, 1930. (Docket No. 82, Calendar No. 34,619.) Decided October 28, 1930.

Cornelis J. Olree presented his claim for compensation against White Star Refining Company, a Delaware corporation, employer, and Employers Liability Assurance Corporation, Ltd., insurer, for an accidental injury while in defendant's employ. From an order denying compensation, plaintiff brings certiorari. Affirmed by an equally divided court.

*James C. Foster,* for plaintiff.

*G. Wilson Gloster,* for defendants.

FEAD, J. (*for reversal*). This is certiorari to an order of the department of labor and industry, denying compensation.

Plaintiff had been a landscape gardener for the White Star Refining Company about six years. His

home and the headquarters of the employer were in Detroit. Defendant operates many gas and oil stations in and out of the city. Plaintiff's work was to care for defendant's stations and properties in the city and out in the State. He had no set hours of labor. He was given an allowance of $35 per month to cover the operation of his own car in traveling. The company makes an allowance because it is cheaper than furnishing cars, and its experience had been that company cars did not always get good care. When plaintiff's work was at some distance from Detroit, he stayed overnight in a convenient city. For four weeks he had been engaged at Ann Arbor as foreman of a gang of 30 men, transplanting trees on defendant's property. The whole job would take about six weeks more. He usually worked from 7:30 a.m. to 5 p.m. It was his duty to make up the pay-roll for his men and report it to his employer each week on sheets furnished by the latter. He carried a time book with him. He went home at night from Ann Arbor and there made up the pay-roll sheet each evening from the time book. Sometimes he went to the employer's office before going to Ann Arbor and sometimes when he returned at night. At other times he left from and returned to his home. On November 6, 1928, he finished the day's work at Ann Arbor at about 6:15 in the evening, started for Detroit in his car, and, when going through the village of Elm, was struck by a train and injured. The question is whether the injury arose out of and in the course of his employment.

The case has just enough likeness and unlikeness to adjudicated cases to present another close question, in which the workmen's compensation law (2 Comp. Laws 1915, § 5423 et seq.) seems to abound.

The case does not fall within those in which the employee had stated hours and place of work, so that his employment did not begin until he reached the place and it terminated when he left it. Both generally and on the particular job, plaintiff's employment required him to travel the highways, at the employer's expense, subjected him to the risks of the road, and, under repeated decisions of this court, entitled him to compensation for injuries sustained in traveling if, at the time, he was in the course of his employment. He was on his employer's service on the trip from Detroit to Ann Arbor. *Stockley* v. *School District*, 231 Mich. 523. The specific issue is whether he was in the course of his employment on the trip back.

Our former cases come close, but do not cover the precise situation. Thus, if plaintiff had been injured on the highway while driving to the job, or on his way back to the employer's office to report, to make out time sheets or to do any other definite and required service for the employer, he would be entitled to compensation. *Kunze* v. *Detroit Shade Tree Co.*, 192 Mich. 435 (L. R. A. 1917 A, 252); *Stockley* v. *School District, supra; Widman* v. *Murray Corporation of America*, 245 Mich. 332.

On the other hand, if he had reached his home city, had left the conveyance which brought him there, had no further "authorized or directed" (*Clifton* v. *Kroger Grocery & Baking Co.*, 217 Mich. 462, 464) duty to perform for his employer, even though he might be subject to call for report or advice after reaching home, and had met with an accident through his use of the street as a member of the general public, the injury would not be compensable. *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916 A, 310); *Stocker* v. *Southfield Co.*, 244 Mich.

13. In the *Hopkins Case* the court stressed the fact that the employee had reached his home city, was afterward injured, and he was in the same position he would have been in if he had not taken the trip.

. And if, at the time of the injury, he had been hurt on his way home, at a time when he had left his car to assist another traveler, he would not have been within the course of his employment. *Sichterman* v. *Kent Storage Co.,* 217 Mich. 364 (20 A. L. R. 309).

In employment requiring travel, the time and expense necessary to return to the city of employment are elements of the remuneration, and the return home is as much a part of the service as the trip out. Plaintiff's place of employment was Detroit. His expense allowance covered the trip both ways between there and Ann Arbor. At least until he reached Detroit he was in the course of his employment. The case is analogous to that of the traveling salesman whose work takes him from his home to other cities and who, having called on his last customer, is injured after he starts toward his home town. Defendant White Star Refining Company did not deny this construction of the contract of employment, but at least inferentially, through the manager under whom plaintiff worked, conceded it. The rule is in accord with *Haddock* v. *Edgewater Steel Co.,* 263 Pa. 120 (106 Atl. 196); *Messer* v. *Manufacturers L. & H. Co.,* 263 Pa. 5 (106 Atl. 85); *State, ex rel. McCarthy Bros. Co.,* v. *District Court,* 141 Minn. 61 (169 N. W. 274); *Reese* v. *National Surety Co.,* 162 Minn. 493 (203 N. W. 442); *Workman* v. *Endriss,* 164 Minn. 199 (204 N. W. 641); *Omaha Boarding & Supply Co.* v. *Industrial Commission,* 306 Ill. 384 (138 N. E. 106).

The Pennsylvania cases are cited, with the difference in statutes in mind, and only on the proposition

that plaintiff's injury arose in the course of his employment. The injury having so arisen, our own decisions, *Kunze* v. *Detroit Shade Tree Co.*, *Stockley* v. *School District*, *Widman* v. *Murray Corporation of America, supra*, supply the rule for the other element in our statute by holding that a street injury arises out of the employment when the employer's work requires his use of the road or when his use of the street is "a special exposure in the course of an employment sending him into the street." *Stocker* v. *Southfield Co., supra*.

In reaching this conclusion, no weight has been given to the practice of plaintiff in preparing labor reports at home. The testimony was not sufficiently developed to indicate whether the practice was merely for the convenience of plaintiff or had been recognized by the employer as part of the service to be there performed.

The record does not show the measure of compensation. Counsel stipulated they would agree upon the compensation if liability were found. The order denying compensation should be set aside and the cause remanded for an award of compensation under such further proceedings as may be necessary, with costs.

McDONALD, POTTER, and SHARPE, JJ., concurred with FEAD, J.

WIEST, C. J. (*for affirmance*). I think the holding of the commission should be affirmed. *Stocker* v. *Southfield Co.*, 244 Mich. 13, controls.

Plaintiff's work for the day was done, except making up time sheets at his convenience at home or elsewhere. He did not have to go home to make up the time sheets. He was returning to his home for

his own purposes of the night, like any other worker at the close of day. His employment did not expose him to the risk of being struck by a train, but his desire to spend the night at home and his travel in order to do so did. If such an accident is to be held to arise out of and in the course of employment it will have to be so provided by legislation.

My Brother cites, in support of his holding, *Haddock* v. *Edgewater Steel Co.*, 263 Pa. 120 (106 Atl. 196), and *Messer* v. *Manufacturers L. & H. Co.*, 263 Pa. 5 (106 Atl. 85).

We pointed out in the *Stocker Case* the inapplicability of the *Haddock Case,* in that the Pennsylvania statute, unlike ours, makes an injury compensable if arising *in the course* of employment and omits the provisions of our statute that, to be compensable, an injury must arise *out of* as well as in the course of employment. The importance of both conditions is stated, with citation of authority, in the *Stocker Case.* The *Messer Case* but followed the *Haddock Case.*

In the *Haddock* opinion the court stated:

"This is not the case of an employee injured, after regular working hours, on the way to his home."

My Brother gives no consideration to the practice of plaintiff in preparing time reports at home. Neither do I.

The holding of the commission is affirmed, with costs to defendants.

BUTZEL, CLARK, and NORTH, JJ., concurred with WIEST, C. J.