## WILHELM v. ANGELL, WILHELM & SHREVE.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCIDENTS ARISING WHILE TRAVELING.

   If, in discharge of his duties, employee is required to travel on highway or to use other means of transportation, and while so doing, in performance of service to his employer, he suffers accidental injury caused by his so traveling, he is entitled to compensation under the workmen's compensation act.

2. SAME—EMPLOYEE PROTECTED WHILE RETURNING.

   Employee required to travel in course of his employment is within protection of workmen's compensation act while on highway in course of his duties after leaving last point at which he rendered service regardless of whether he is then journeying to his next place of service or returning to business headquarters or to place of his domicile.

3. SAME—STREET ACCIDENT.

   When exposure of employee to ordinary street risks is inherent in the nature of his employment, and is direct cause of accidental injury to him, the accident arises out of his employment within meaning of workmen's compensation act.

4. SAME—HIGHWAY ACCIDENT TO EMPLOYEE RETURNING FROM ANOTHER CITY COMPENSABLE.

   Employee working without fixed hours, who was required to travel to other cities on employer's business, for which purpose he was at liberty to use his own automobile and charge mileage, was as much within protection of workmen's compensation act while returning home from another city as while going there, so that accident resulting in his death, which occurred while he was driving home in the evening after transacting his employer's business, arose out of and in course of his employment, and right to compensation was not barred by fact that he intended to go to his home that night rather than to his employer's place of business.

   CLARK, J., dissenting.

   Injury to employee while on the street as "arising out of the employment" within meaning of workmen's compensation act, see annotation in L. R. A. 1916A, 314; L. R. A. 1917D, 114; L. R. A. 1918F, 911.

   Street risks incurred in the course of the employment, see annotation in 51 A. L. R. 509.

Certiorari to Department of Labor and Industry. Submitted June 5, 1930. (Docket No. 29, Calendar No. 35,009.) Decided January 7, 1931.

Ina M. Wilhelm presented a claim in her own behalf and that of her son, Eugene B. Wilhelm, 3d, against Angell, Wilhelm & Shreve, a Michigan corporation, employer, and Michigan Mutual Liability Company, a Michigan corporation, insurer, for the accidental death of the husband and father, Eugene B. Wilhelm, while in defendant's employ. Plaintiff reviews an order denying compensation by certiorari. Reversed.

*Campbell, Bulkley & Ledyard* (*Robert E. McKean,* of counsel), for plaintiff.

*L. J. Carey* (*John J. Lynch,* of counsel), for defendants.

NORTH, J. The following statement of facts and of the issue involved is taken from appellant's brief. Appellees agree it is substantially correct, and we think fairly presents the question for review:

"This action arises out of the claim made by the plaintiff, Ina M. Wilhelm, for compensation under the workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.*) in behalf of herself and her dependent son, on account of·the death of her husband, Eugene B. Wilhelm, who was employed by the defendant, Angell, Wilhelm & Shreve, a firm of architects and engineers having offices in the Book Building, Detroit, Michigan.

"Eugene B. Wilhelm was, on and prior to July 5, 1929, engaged in supervising construction work and in general solicitation work for the defendant, Angell, Wilhelm & Shreve. In that capacity he had

supervision of and acted as the contact man on the work of the construction of a school at Brighton, Michigan, in behalf of his employer. It was one of his duties for his employer to attend meetings of the school board at Brighton, Michigan, whenever necessary. * * *

"The Brighton school board called a meeting for July 5, 1929, at which it wished to clear up certain matters with reference to the construction of the Brighton school, and for this purpose requested Mr. Wilhelm's presence at the meeting. * * * After the meeting was over, * * * (Mr. and Mrs. Wilhelm and son) started out for home, following the same route over which they had traveled coming to the meeting (a distance of about 25 miles). While they were driving * * * at a point approximately 10 miles from Mr. Wilhelm's home, their car was struck by a railroad train at the Pere Marquette crossing, resulting in the fracture of Mr. Wilhelm's skull and his death the following morning.

"The plaintiff filed a claim for compensation and the defendants denied liability on the theory that the accident resulting in Mr. Wilhelm's death did not arise out of and in the course of his employment. * * * On review to the commissioners of the department of labor and industry, * * * an order was entered by them reversing and vacating the award of the deputy commissioner and denying plaintiff's claim for compensation. * * *

"The sole question for determination in this case is whether or not the accidental injury resulting in Mr. Wilhelm's death arose out of and in the course of his employment.

"The plaintiff contends that when Mr. Wilhelm was required by his employment to drive to Brighton, Michigan, to attend the meeting of the school board, his return from Brighton was as essential to that employment as was his going to Brighton, and that therefore the injury sustained

while returning did arise out of and in the course of that employment. * * * On the other hand, the defendants contend that when the meeting with the school board at Brighton had been completed, Mr. Wilhelm was no longer performing any service for his employer, and that therefore the injury sustained by him while returning from the meeting did not arise out of and in the course of his employment."

The following is from the opinion of the commissioners:

"The facts are not in dispute. * * * Deceased was employed on a salary basis of between $85 and $100 a week. He had no stipulated hours of employment. * * * His work required him to do considerable traveling. He had the privilege of choosing his means of transportation. He could even use his own car. This he frequently did and the company allowed ten cents a mile plus incidental expenses. * * * In accordance with his duty on the evening of July 5th he attended a meeting of the school board at Brighton, Michigan."

In holding plaintiff was not entitled to an award the commissioners seem to have relied largely upon the denial of compensation in *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916A, 310), and *Stocker* v. *Southfield Co.*, 244 Mich. 13; and they held that:

"At the time that he (plaintiff's decedent) was injured he was not engaged in performing any duty for his employer, but his mission was to reach home for the night."

For reasons hereinafter indicated, we are constrained to disagree with the above conclusion and to hold that the instant case does not fall within the rule of the cases cited.

If, in the discharge of his duties, the employee is required to travel upon the highway or to use other means of transportation, and while so doing, in the performance of a service to his employer, he suffers an accidental injury caused by his so traveling, he is entitled to compensation. When engaged in this type of work he should be protected while on the highway in the course of his duties after leaving the last point at which he rendered service regardless of whether he is then journeying to his next place of service or returning to business headquarters or to the place of his domicile. For example, a salesman working without fixed hours of employment, whose service to his employer requires him to call upon customers in towns A, B, and C, would clearly be within the protection of the law while traveling in a manner approved by the employer upon the highway in going to town A regardless of whether he started from his home or his employer's place of business. He would likewise be protected while traveling in the course of his employment from town A to town B and on to town C. And notwithstanding the customers in town C were the last he was to call upon on the particular trip, the salesman should still be protected while traveling in the course of his employment back to the town from whence he started. There would seem to be neither reason nor justice in a contrary holding. This latter portion of his journey beyond question is just as much within the scope of his employment as the portions which preceded it. This is the type of service that was being rendered by plaintiff's decedent in the instant case. In the interest of his employer's business he was required to travel from place to place upon the highway. His stop at Brighton was only temporary and not for any sub-

stantial, fixed, or definite period, nor did he have any fixed hours of employment. In returning, he should be considered within the protection of the workmen's compensation act, and he was not deprived of this protection by the mere fact that, on the occasion in question, he had only one point at which he was required to stop in the interest of his master's business.

It is settled law in this State and very generally elsewhere that when the exposure of an employee to the ordinary street risks is inherent in the nature of his employment, and is the direct cause of an accidental injury to him, the accident arises out of his employment within the meaning of the compensation act. *Morse* v. *Railroad Co.*, 251 Mich. 309; *Beaudry* v. *Watkins*, 191 Mich. 445 (L. R. A. 1916F, 576); *Kunze* v. *Detroit Shade Tree Co.*, 192 Mich. 435 (L. R. A. 1917A, 252). See, also, *Katz* v. *Kadans & Co.*, 232 N. Y. 420 (134 N. E. 330), also reported in 23 A. L. R. 401 with annotations; *Keany's Case*, 232 Mass. 532 (122 N. E. 739); and *Moran's Case*, 234 Mass. 566 (125 N. E. 591). An extensive review of cases will be found in 51 A. L. R. 509.

There are also numerous cases holding when an employee in the discharge of his duties is required to go upon the highway he continues under the protection of the compensation act while on the homeward portion of his journey. *Schmiedeke* v. *Four Wheel Drive Auto Co.*, 192 Wis. 574 (213 N. W. 292); *State, ex rel. London, etc., Co.,* v. *District Court*, 141 Minn. 348 (170 N. W. 218); *Makins* v. *Industrial Accident Commission*, 198 Cal. 698 (247 Pac. 202, 49 A. L. R. 411); *Fleischmann Co.* v. *Marshall*, 149 Va. 254 (141 S. E. 139); *Lawrence* v.

*George Matthews, Ltd.,* 1 K. B. 1 (1929) (63 A. L. R. 456).

While it would be difficult and perhaps impossible to frame a definite test applicable to all cases, the character of the service the employee renders is of prime importance in determining whether the accidental injury arose out of and in the course of his employment. *Widman* v. *Murray Corp. of America,* 245 Mich. 332. In the instant case the essential causative relation between the injury and the employment is established. His work compelled Mr. Wilhelm to be upon the highways. His injury can be traced to this risk or hazard to which he as an employee was exposed in a special degree by reason of his employment.

"A risk is incident to the employment when it belongs to and is connected with the duties a workman has to perform under his contract of service." *Becker Asphaltum Roofing Co.* v. *Industrial Commission,* 333 Ill. 340 (164 N. E. 668).

"The causal relation is established when the accident is shown to have arisen out of a risk which a reasonable person might have comprehended as incidental to the employment, at the time of entering into the employment; or, when the evidence shows an incidental connection between the conditions under which the employee works and the resulting injury." *Holland, etc., Sugar Co.* v. *Shraluka,* 64 Ind. App. 545 (116 N. E. 330), citing many cases.

"Where it is within the duties of an employee to travel on streets or highways and he does so travel, on his employer's time, on a highway which he may properly use and for a proper purpose of his employment, an accident to him while so traveling arises out of and in the course of his employment." (Syllabus) *Austin* v. *Leonard, Crossett & Riley, Inc.,* 177 Minn. 503 (225 N. W. 428), and cases cited.

See, also, *Empire Health, etc. Ins. Co.* v. *Purcell,* 76 Ind. App. 551 (132 N. E. 664); *Haddock* v. *Edgewater Steel Co.,* 263 Pa. 120 (106 Atl. 196); *Krapf* v. *Arthur,* 297 Pa. 304 (146 Atl. 894); *Kelling* v. *Froemming Bros., Inc.,* 287 Pa. 471 (135 Atl. 129).

In citing the Pennsylvania cases, we have not overlooked the fact that the statutory provisions of that State differ from those of Michigan but the cases are to the point that the accidental injury happened in the course of the employment. In the case last above cited it is said:

"It was not only necessary for him (the employee) to drive to the towns suggested by his employer but also that he return home. His employment and duties, consequently, continued without interruption from the time he left camp until he returned unless direct evidence is produced to show his errand had been completed and he was not on his return trip, but traveling on a mission of his own, not connected with his employment."

We think plaintiff's decedent suffered an accidental injury which arose out of and in the course of his employment. See, also, *Kunze* v. *Detroit Shade Tree Co., supra.*

The instant case is readily distinguishable from that of *Olree* v. *White Star Refining Co., ante,* 33, in which an order of the commission denying compensation was affirmed by an equally divided court. In that case the plaintiff was sent from Detroit to Ann Arbor to carry on work in which 30 men were employed and which would extend over a period of six weeks. Further, the record in that case disclosed Olree had substantially regular and fixed hours of employment. On the day of his injury he decided to drive from Ann Arbor to Detroit after his regular hours of employment; and while

on this trip was injured. His return to his home, so far as the record disclosed, was the same as the return home of any of the other employees. Four of the justices held that the injury or accident under such circumstances did not arise out of and in the course of the employment, and the finding of the commissioners to that effect was affirmed.

In *Hopkins* v. *Michigan Sugar Co., supra,* plaintiff's decedent was injured by slipping and falling on an icy street. Compensation was denied on the ground that at the time of the accident the employee had returned to his home city from a business trip to another place and that before the accident "his duties of the day were ended." Similar facts also distinguish the *Stocker Case, supra,* from the instant case.

The order of the commission denying compensation is set aside and the case remanded for entering an order awarding proper compensation in accordance herewith. The appellant will have costs.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred with NORTH, J.

FEAD, J. (*concurring.*) I concur with Mr. Justice NORTH except in his distinguishing *Olree* v. *White Star Refining Co., ante,* 33. I think the only proper distinction is that the present suit offers a somewhat clearer set of facts for the application of the same principle.

CLARK, J. (*dissenting*). For the reasons set forth in the opinion of the department, stated sufficiently by Mr. Justice NORTH, the award should be affirmed.