Hess et al., Appellants, *v.* Catholic Knights of St. George et al.

Argued May 5, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Joseph S. D. Christof,* with him *Leonard M. Boehm,* for appellants.

*David M. Kaufman,* for appellees, was not heard.

OPINION BY HIRT, J., July 23, 1942:

Claimant, following the death of her husband, was denied compensation and the lower court entered judgment for defendant. Her appeal raises the question whether decedent, who was fatally injured in an automobile accident in the State of New Jersey, was then engaged in his master's business.

Under the applicable amendment, the Act of June 4, 1937, P. L. 1552, §301c, 77 PS 411, compensable "injury by an accident in the course of his employment' includes injury "sustained while the employe is engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere." In *Palko v. Taylor-McCoy C. & C. Co.,* 289 Pa. 401, 137 A. 625 it is said: "The term 'course of employment' has a necessary relation to the fact of employ-

ment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises." The change of the language of the prior acts, in the above amendment, from 'actually engaged' to simply 'engaged', does not modify the above principle nor enlarge the class of compensable accidents from injury occurring off the premises. The liability of an employer under the amendment was still confined to compensation for injury *in the course of employment*. Whether the employee, at the time of injury "was engaged in the furtherance of the business or affairs of the employer" remained a basic question of fact, as theretofore, to be established by substantial competent evidence. One cannot be *engaged* in the furtherance of the master's business without being 'actually' engaged, and the omission of the word in the 1937 amendment is of no significance in its application to the present appeal. Employment in itself is not enough to justify an award, for the injury must occur in the course of it. *Shoffler v. Lehigh Valley Coal Co.*, 290 Pa. 480, 139 A. 192.

There is no dispute as to the facts. Claimant's husband, P. Joseph Hess, was the 'supreme' secretary of defendant fraternal beneficial society in charge of its office in Pittsburgh, where its business was conducted. The society was a member of the Catholic Central Verein, a national society organized in the interests of constituent local societies such as defendant. Hess was one of the delegates, duly elected by defendant society to attend the annual convention of the Verein to be held in the City of Bethlehem on August 20, 1938. Instead of traveling to Bethlehem directly, on the eve of the convention, he left Pittsburgh with three others on August 16, 1938 in an automobile, upon a pleasure trip wholly unrelated to the business of defendant. While on vacation from his employment with defendant, the party drove through New York State, stopping

at various places, finally reaching New York City on the night of August 18. They left the next morning and while en route through New Jersey on their way to Bethlehem, their car collided with another automobile and Hess received injuries from which he died the following day.

The compensation act does not apply to accidents outside the State "except accidents occurring to employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth." 1937 amendment, supra, §1, 77 PS 1. Hess' representation of defendant and his duties as its delegate included his transportation to Bethlehem but did not require him to travel outside of this State. The circuitous trip was not a necessary part of an excursion in the interest of defendant. The purpose of the trip was recreation. By it Hess did not merely deviate from the course of his employment; by taking a vacation from all of his duties for four days, he suspended his employment for that period with the intention of resuming it at the convention on August 20th. In the interim, pleasure was his objective; he owed no duty to his employer and performed none.

Regardless of the fact that the injury occurred in another State, claimant is barred by the application of settled law. In general "where an employee voluntarily, and without necessity, abandons his employment, he suspends the relation of employer and employee ......" And to support a claim for compensation "(1) the employee's presence must ordinarily be required at the place of injury, or, (2) if not so required, the departure of the servant from the usual place of employment must not amount to an abandonment of employment or be an act wholly foreign to his usual work; it must be merely an innocent or inconsequential departure from the line or place of duty ...... [But] the incident necessary to constitute a break in the course

of employment must be of a pronounced character": *Shoffler v. Lehigh Val. Coal Co.,* supra. Decedent's departure from Pittsburgh on a vacation from all duties was an abandonment of his employment for the period, within which the injury occurred. The term 'course of employment' embraces intervals for leisure within the regular hours of the working day on the premises (*Dzikowska v. Superior Steel Co.,* 259 Pa. 578, 103 A. 351) but does not include a period of recreation off the premises for a period of four days, without a resumption of duties. This appeal therefore falls within the class of cases in which compensation was denied because of a suspension of the employment and the injury occurred while the employee was engaged in a purely personal matter at a place where he was not required to be. *Knowles v. Parker Wylie Carpet Co.,* 129 Pa. Superior Ct. 257, 195 A. 445; *Freeman v. Salem Reformed Church,* 125 Pa. Superior Ct. 367, 190 A. 159; *Lillian Haley v. City of Phila.,* 107 Pa. Superior Ct. 405, 163 A. 917.[1]

There can be no recovery in this case because of abandonment of employment and no duty required

---

[1] Appellant relies upon: *Messer, Appellant v. Manufacturers L. & H. Co.,* 263 Pa. 5, 106 A. 85; *Haddock v. Edgewater Steel Co.,* 263 Pa. 120, 106 A. 196; *Webb v. North Side Amusement Co.,* 298 Pa. 58, 147 A. 846; *Smedley v. Frank & Seder Co.,* 116 Pa. Superior Ct. 270, 176 A. 783; *Kelly v. Ochiltree Elec. Co.,* 125 Pa. Superior Ct. 161, 190 A. 166; *Bauman v. Howard J. Ehmke Co.,* 126 Pa. Superior Ct. 108, 190 A. 343. But of these cases we may say, with President Judge KELLER, (in *Gibson v. Blowers Paint Serv.,* 140 Pa. Superior Ct. 216, 14 A. 2d 154). "In every case relied on ......, in which a claim for compensation was allowed for injuries received while the employee was away from the employer's premises and on affairs not connected with the employer's business, the employer, or his duly authorized representative, had ordered, directed or requested the employee to perform the work or take the trip; in not one of them had he merely acceded to the employee's request for permission to do so."

decedent to go beyond the limits of the Commonwealth. We, therefore, need not refer to questions raised by other assignments of error.

Judgment affirmed.