# Rotolo *v.* Punxsutawney Furnace Co., Appellant.

*Workmen's compensation—Death—Place of accident—Place of employment—Death while on way home—Act of June 2, 1915, P. L. 736.*

1. An award for the death of a workman cannot be sustained, under the Act of June 2, 1915, P. L. 736, where it appears that at the time deceased was killed he was not actually engaged in the furtherance of the business or affairs of his employer, that the place of the accident was not on the premises or under the control of the employer, but of a railway company, that deceased was killed by a locomotive belonging to his employer, and that the deceased's presence at the point was not required by the nature of his employment, but that he was crossing the tracks after his day's work was done.

2. In this case, deceased came to his death on premises upon which the employer's business was being carried on, but his presence was not required there "by the nature of his employment," which latter was necessary to fix liability under the act.

Argued February 26, 1923. Appeal, No. 3, Oct. T., 1923, by defendant, from judgment of C. P. Jefferson Co., April T., 1921, No. 85, affirming decision of Work-

men's Compensation Board in favor of plaintiff, in case
of Amelia Rotolo v. Punxsutawney Furnace Co.   Before
MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-
HART, SADLER and SCHAFFER, JJ.   Reversed.

Appeal from decision of Workmen's Compensation
Board, affirming award of referee.   Before CORBET, P. J.
The opinion of the Supreme Court states the facts.
Decision affirmed.   Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Harry I. Wilson,* for appellant, cited:  Callihan v.
Montgomery, 272 Pa. 56; Maguire v. Lees & Sons Co.,
273 Pa. 85; Kuca v. Coal Co., 268 Pa. 163; Stahl v. Coal
Co., 268 Pa. 452; Spizzirri v. Krouse, 73 Pa. Superior
Ct. 476.

*Chas. J. Margiotti,* for appellee, cited:  Blouss v. Ry.
Co., 73 Pa. Superior Ct. 95; Haddock v. Steel Co., 263
Pa. 120; Messer v. Mfrs. L. & H. Co., 263 Pa. 5.

OPINION BY MR. JUSTICE SCHAFFER, March 19, 1923:
Plaintiff's husband, for whose death compensation was
claimed and awarded, was employed as a laborer in de-
fendant's plant.  He had completed his day's work and
departed from the employer's premises, not by the way
provided by it, but along a route often used by employees
for their convenience, which led him over the tracks of
the Buffalo, Rochester & Pittsburgh Railway Company
on its right-of-way adjoining the works of defendant.  The
tracks of the railroad company connected with tracks
in defendant's plant.  When deceased reached a point on
the railroad company's right-of-way, 100 feet from the
property line of defendant, and more than 1,300 feet
from his place of work, and on one of the side tracks of
the railroad, he was struck by a locomotive, belonging to
and operated by appellant on the railroad company's

track, and killed. It was shown that defendant's engine frequently operated on the tracks of the railroad, at and in the vicinity of the place of the accident, in placing on and removing from the railroad sidings cars consigned by or to it. Defendant exercised no control over the tracks on the railroad company's right-of-way.

To determine whether the award of compensation, from which defendant appeals, was justified under the facts above stated, substantially undisputed, involves a construction of section 301 of the Workmen's Compensation Act of 1915, P. L. 736; so far as relates to the matter before us, it is as follows: "The term 'injury by an accident in the course of his employment'......shall include all......injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, *the employee's presence thereon being required by the nature of his employment.*"

The compensation board found that, at the time of the accident, decedent was not actually engaged in the furtherance of the business or affairs of the defendant, and that the premises, where it occurred, were not under the control of defendant; therefore, the inquiry comes down to whether the accident occurred on premises "upon which the employer's business or affairs are [were] being carried on, *the employee's presence thereon being required by the nature of his employment.*"

The court below reached the conclusion that because of the presence of defendant's locomotive where it was, and the work it was doing, the deceased came to his death on premises upon which the employer's business was being

carried on. We think this determination was justified under the circumstances shown, but this is not all that has to be found in order to sustain the award. The reason for deceased's presence where he was, must have been required "by the nature of his employment." The court endeavored to meet this condition of recovery, with the statement that it was necessary for deceased to go home from work, and that this required his presence where struck, because he was traversing a customary way used by certain of defendant's employees to go to and from their employment. This certainly is not what the act means. It means, under such a situation as we have here, that there can be an award where there has been an injury on premises other than the employer's, but where the employer's business is being carried on, only, in case the *nature of the employment* of the one injured requires him to be at the particular place. If the deceased had been engaged in loading a car, or in some other *employment* for the defendant at the place he was killed, there could be a recovery; but his employment had ceased. If an award could be sustained under the facts in this case, it could be in every instance where an employee is on his way home from work, and receives injury through an instrumentality belonging to his employer, as, for illustration, by being run over on a public street he is traversing by a team or automobile belonging to the employer.

The court below and appellee's counsel rely upon Tolan v. Philadelphia & Reading Coal & Iron Co., 270 Pa. 12, to sustain their position, but the difference in the facts is obvious. The claimant in that case was injured in attempting to reach his place of employment, while traversing a private road leading to defendant's workings, used by it for business purposes, by the public in hauling coal from its colliery and by its workmen in going to and from their work. The road was an instrumentality used by the employer in the conduct of its business and as such was part of its premises. An ex-

amination of the paper-books shows that the private road was maintained by the defendant, was necessary to, and used in connection with, the operation of its colliery, and was on the defendant's property.

Shickley v. Phila. & Reading Coal & Iron Co., 274 Pa. 360, where recovery was denied, has a bearing on the case in hand; there the employee, for whose death compensation was claimed, slipped on a loose stone in a path over property owned by the employer leading to his place of work. The path was habitually used by employees, there being no approach from where the injured man lived to the place of employment except over this and similar paths also on defendant's property. The one on which the accident occurred was not maintained or kept in condition by the employer, and was not a part of the premises connected with the place of employment. It was pointed out, in disposing of the case, that a distinction exists between the word "premises," as used in the act, and the word "property," and that the former cannot be enlarged in its meaning and application, so as to include land or property outside of that used in connection with the actual premises where the employer carries on the business in which the employee is engaged.

Claimant's husband at the time he was killed was not "actually engaged in the furtherance of the business or affairs" of the defendant (Maguire v. Lees, 273 Pa. 85), the place of the accident was not under the control of the employer, and decedent's presence where he met his death, although the employer's business was there being carried on, was not "required by the nature of his employment." It therefore follows that the award and judgment cannot be sustained.

The judgment of the court below and the award of the compensation board are reversed; judgment is here entered for defendant.