## Cymbor, Appellant, *v.* Binder Coal Co. et al.

*Workmen's compensation—Course of employment—Going from home to work—Act of June 2, 1915, P. L. 736.*

1. An injury sustained by an ordinary employee while going to or from work, not on the employer's premises, is not compensable.

2. But, under the Act of June 2, 1915, P. L. 736, the injury is compensable, if, at the time, although off the employer's premises, the employee is actually engaged in furthering the employer's business.

3. Where a workman employed in a mine in the daytime, is also employed to go from his home to the mine during the night to start the mine pumps, for which he receives extra pay on a time basis, and it appears that the starting of the pumps took but a moment, such workman is engaged in furthering his employer's business when going to and from his home to start the pumps, and, if he is killed while returning to his home off his employer's premises, his death is compensable.

Argued January 25, 1926. Appeal, No. 1, June T., 1926, by plaintiff, from judgment of C. P. Cambria Co., June T., 1922, No. 552, reversing decision of Workmen's Compensation Board, allowing claim in case of Frances Cymbor v. Binder Coal Co. and State Workmen's Insurance Fund, Insurance Carrier. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal, from decision of Workmen's Compensation Board. Before McCANN, J.

The opinion of the Supreme Court states the facts.

Decision of Workmen's Compensation Board reversed. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*Peter P. Jurchak,* for appellant.—It was the duty of the common pleas to return the record to the work-

men's compensation board after a decision reversing the findings of the board: Kuca v. Coal Co., 268 Pa. 163; Mauchline v. Ins. Fund, 279 Pa. 524; Fornatti v. Coke Co., 77 Pa. Superior Ct. 122.

The deceased was killed in the course of employment for the defendant: Flucker v. Steel Co., 263 Pa. 113; Hale v. Brick Co., 75 Pa. Superior Ct. 454; Haddock v. Steel Co., 263 Pa. 120.

*Samuel I. Spyker,* with him *George W. Woodruff,* Attorney General, for appellees, cited: Stahl v. Coal Co., 268 Pa. 452; Cawley v. Ry., 276 Pa. 160; Rodman v. Smedley, 276 Pa. 296; Rotolo v. Furnace Co., 277 Pa. 70; Strohl v. R. R., 270 Pa. 132; Flucker v. Steel Co., 263 Pa. 113; Shickley v. Coal & Iron Co,, 274 Pa. 360; Maguire v. Lees & Sons, 273 Pa. 85.

Opinion by Mr. Justice Walling, February 8, 1926:

Stanley Cymbor was employed as an electrician at the mine of defendant in Cambria County, and also performed other duties about the mine. The pumps were stopped at the close of the day and it was Cymbor's duty to return during the night and set them going so the water would be removed from the mine when work was resumed in the morning. His home was about twelve hundred feet from the mine and he walked to and from usually on the tracks of the Pennsylvania Railroad Company. At about ten o'clock on the evening of October 5, 1921, Cymbor took his lantern, went from his home to the mine, started the pumps and, while returning on the railroad tracks, was killed by an engine. He was paid by the hour for his work at the mine and extra for starting the pumps at night; for the latter he kept his own time and turned it in every two weeks; the amount thereof was not shown. It took but a moment to start the pumps, the real time was in going to and from. It might be inferred that he charged the actual time he was from home on this errand; in any

event, he could properly have done so. The widow's claim for compensation, allowed by the referee and workmen's compensation board, was reversed by the court of common pleas; therefrom she brings this appeal.

At first view the authorities cited by the lower court (Stahl v. Watson Coal Co., 268 Pa. 452; Maguire v. James Lees & Sons Co., 273 Pa. 85; Shickley v. Phila. & Reading C. & I. Co., 274 Pa. 360; Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70) seem to sustain its decision, but we have reached the conclusion they do not. These cases announce the undoubted general principle that an injury sustained by an ordinary employee, while going to or from work, not on the employer's premises, is not compensable. The statute, however, and the decisions thereunder render such injury compensable if, at the time, although off the premises, the employee is actually engaged in furthering the employer's business. See Act of June 2, 1915, P. L. 736, 738; Rodman v. Smedley, 276 Pa. 296; Haddock v. Edgewater Steel Co., 263 Pa. 120; Messer v. Manufacturers' L. & H. Co., 263 Pa. 5.

In the instant case, the nightly trip to the mine was in furtherance of the master's business, to do an errand for the master and he was properly on the latter's time, not merely at the moment of starting the pumps, but going and coming as well. Had it been Cymbor's duty to unlock the plant in the morning, so the workmen could enter, would he be in the master's employ while going to and from the plant, or merely while turning the key, or at most while on the master's premises, and is there any difference between unlocking a door and starting a pump, between turning a key and turning a button? In either case the real labor is in going to and from, and while doing so the employee is engaged in the master's business the same as if sent on an errand from the mine to a neighboring village. As suggested by appellant, had plaintiff lived five miles away, could it

be urged he was only on duty when actually starting the pumps, and yet the principle would be the same. Cymbor, when killed, was on the usual and direct route from his home to the mine, so the suggestion that he may have been going elsewhere is without force. The case is not analogous to that of a day laborer whose work and pay begin when he arrives in the morning and end when he quits in the afternoon. His furtherance of the master's business begins and ends with the work of the day. In the instant case, to hold the employee was furthering the master's business only after reaching the mine or while starting the pumps, is drawing too fine a sight on a statute which must be liberally construed: Pater v. Superior Steel Co., 263 Pa. 244; Tarr v. Hecla Coal & Coke Co., 265 Pa. 519, 523; Garrity v. Bituco Mfg. & Chemical Co., 277 Pa. 88, 92. If Cymbor was paid only for the actual time engaged in turning the button, or otherwise starting the pumps, it would practically amount to nothing, although in a month he would travel miles in the dark to enable him to perform that duty.

The judgment appealed from is reversed and the record is remitted to the lower court that judgment may be there entered in favor of claimant on the award.