## Slipp v. The Fidelity & Casualty Company of New York, Appellant.

*Workmen's Compensation Law—Death—Furtherance of employer's business—Section 309 of Act of 1915.*

In a claim under the Workmen's Compensation Acts it appeared that the claimant's husband was sent by his employer to a store to deliver a draft. The evidence disclosed that shortly after the draft was delivered, and before the decedent left the store, a fight began in the street; the participants rushed into the store and one of them struck the decedent, who was not a party to the dispute. The blow caused the decedent's death. There also was evidence that a very short time elapsed between the delivery of the draft and the assault.

Under such circumstances, there was sufficient evidence to support a finding that decedent was engaged in the furtherance of his employer's business at the time of the assault and an award in favor of the claimant will be sustained.

Argued October 5, 1927. Appeal No. 223, October T., 1927, by defendant from judgment of C. P. No. 3, Philadelphia County, March T., 1927, No. 13007, in the case of Elizabeth Slipp v. The Fidelity & Casualty Company of New York. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from award of the Workmen's Compensation Board.

The facts are stated in the opinion of the Superior Court.

The Court sustained the award. Defendant appealed.

*Error assigned,* among others, was the decree of the Court.

*William G. Wright,* and with him *Robert P. F. Maxwell,* for appellant.

*J. Morris Yeakle,* for appellee.

OPINION BY LINN, J., November 21, 1927:

This appeal is from a compensation award to a widow. Her deceased husband, employed by appellant, was sent to deliver a draft to William Slipp; on reaching his destination he was obliged to wait a short time until Slipp came in; when Slipp appeared, decedent delivered the draft. Before he left the place, a fight began in the street; the participants rushed into Slipp's store, and one of them struck decedent, who was not a party to the dispute; the blow caused his death. The evidence does not show clearly how much time elapsed between his delivery of the draft and the assault. The referee found that the time was "only a few minutes," and that decedent was therefore "actually engaged in the furtherance of the business or affairs of the employer," within the meaning of Sec. 301, 1915, P. L. 736, 739. The board and the court below affirmed. As there is evidence to support the finding, we may not interfere with it. The entire transaction from the time of his entry into the store until the assault was relatively so short, that it cannot be said from the evidence that the continuity of his service was broken; unless it was, liability under the statute followed: Blouss v. D. L. & W. R. R. Co., 73 Pa. Superior

Ct. 95; Dzikowska v. Steel Co., 259 Pa. 578; Hale v. Fire Brick Co., 75 Pa. Superior Ct. 454; Haddock v. Steel Co., 263 Pa. 120; Cymbor v. Binder Coal Co., 285 Pa. 440.

Judgment affirmed.