## Sokolowski, Gard. of Est. of Helen Pietrazko, *v.* A. Mickiewicz Polish Death F. Ass'n. of U. S. of America, Appellant.

*Insurance—Beneficial insurance—Action on policy—Dues—Evidence—Case for jury.*

In an action of assumpsit on a policy of beneficial insurance, the case was for the jury and a verdict for the plaintiff will be sustained, where the evidence was conflicting as to whether the insured's rights under the policy had lapsed because of non-payment of dues.

*Insurance—Beneficial insurance—Policy—Construction of.*

Where an insurance policy provides that "A member who was suspended for non-payment of dues after three months will still be a member if he pays up the three months he owes," the insured is given a right of reinstatement upon payment of the accrued dues without regard to any action on the part of the insurer.

Where the terms of a policy are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him against loss sustained, should be adopted.

Argued October 12, 1927. Appeal No. 168, October T., 1927, by defendant from judgment of M. C. Philadelphia County, November T., 1925, No. 824, in the case of Anthony J. Sokolowski, Guardian of Estate of Helen Pietrazko, v. Adam Mickiewicz Polish Death Fund Association of the United States of America, a corporation. Before PORTER, P. J., HENDERSON TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

248      SOKOLOWSKI v. MICKIEWICZ, Appel.

Action on a policy of beneficial insurance. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $912 and judgment thereon. Defendant appealed.

*Error assigned,* was the refusal of defendant's motion for judgment non obstante veredicto.

*Walter Thomas,* and with him *Alfred E. Reynolds,* for appellant, cited: Noble v. Police Beneficiary Association, 224 Pa. 298; Farmers Mutual Insurance Co. v. Wenger, 90 Pa. 220; Price v. Mutual Reserve Life Insurance Co., 107 Md. 374; Commonwealth v. Equitable Beneficial Association, 137 Pa. 412.

*Henry Arronson,* and with him *Simon Pearl,* for appellee, cited: Heller v. Fabel, 290 Pa. 43; Malchinsky v. Mutual Life Ins. Co., 90 Pa. Superior Ct. 1; Lindemann v. Pittsburgh Ry. Co., 251 Pa. 489; Reel v. Elder, 62 Pa. 308; Duffy v. York Haven Water & Power Co., 233 Pa. 107; Nydes v. Royal Neighbors, 256 Pa. 381; Salvaggio v. Metropolitan Life Ins. Co., 80 Pa. Superior Ct. 594.

OPINION BY TREXLER, J., March 2, 1928:

The matter came before this court on an appeal from the refusal of the lower court to enter judgment n. o. v. The appellant assumes, in his statement of questions involved, certain facts-which were disputed. Of course, all disputed facts must be resolved in favor of the plaintiff.

The guardian of the infant plaintiff, the beneficiary and daughter of the insured, brings suit on a policy issued by the defendant association alleging that the policy was mislaid. The affidavit of defense filed denies the issuance of the policy of insurance on the date

mentioned in plaintiff's statement to Jennie Pietrazko, the insured, and alleges that the insured failed to pay the dues, premiums, fines and assessments due on the 7th day of July, 1924, and for more than three months thereafter and that, therefore, she became suspended and no rights remain to her under the alleged policy. This was the issue as fixed by the pleadings.

Upon the trial it developed that the policy which was produced by the defendant bore the date, 1922, and the court allowed an amendment to the plaintiff's statement so as to make it contain the true date. The issue was thus narrowed down to the question whether the insured was in default in the payment of the July premium and if not, whether she, or someone for her, had thereafter paid or tendered to the defendant or its officers the proper amount required to preserve her rights under the policy.

The book of the insured shows payments paid to the collector and his receipt for each item. There is no question that the premiums were paid to April, 1924. Ellers, the collector, admits receiving the dues for May, but denies receipting for them. The signature following the May credit carries a flourish which covers June and the amount of premium for that month is inserted. On the face of it, the book shows that the premium was paid up to and including July. The court in its charge stated without objection that counsel admitted that in another book, not of the insured, the collector receipts for more than one month and signed his name but once and indicated the payment of subsequent months by a flourish put to his name, thus showing a habit. The denial of the collector and the comparison of the signatures were for the jury. The conclusion could be legitimately drawn that the payments were made up to and including July. If the July premium was paid, were the subsequent dues paid up to October 6th, the date of the death of the insured? The plaintiff claims that

there was an offer to pay and tenders of the money which were equivalent to payment.

The guardian of the plaintiff testified that he was a member of the defendant association and that one month before October, 1924, he went to the president of the defendant company and offered him $3.12 or two months dues and he was assured by the president that he would send a collector who had theretofore failed to call for the August and September dues. The collector called in September and the guardian offered to pay the dues for his sister, the insured, but the collector said he wished to see her first. The guardian then called to see the general secretary and he refused to take the money and told him to see the president. He then saw the president in September and offered to pay the dues to him and he, in turn, referred him to the secretary and the secretary told him to see the collector. He went to see the collector at the place of his employment and offered him the dues which at that time amounted to $6.24 and he refused to accept them. He then went back to the secretary again and was told to go to the meeting. He went to the meeting, offered the money and the president wanted to take it, but the secretary and collector did not.

The court properly instructed the jury that if a tender of the dues was made before her rights under the policy were forfeited, it was equivalent to payment. If at the time she died, she was, as claimed by defendant, four months in arrears, then no one could recover under her policy because she had gone over the period of three months within which she had the right to be reinstated. The issue was clearly left to the jury to ascertain whether the dues were tendered within the three months provided by the contract.

The policy reads: "A member who was suspended for non-payment of dues after three months will still be a member if he pays up the three months he owes." This right to lift the suspension, appellant says, rests

with the company and not with the insured. We cannot agree with this interpretation. This clause is evidently inserted in the by-laws for the purpose of conferring a privilege to delinquents to pay up and be reinstated. The word "may", therefore, must be construed as giving a right to the insured. "Where the terms of a policy are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him against loss sustained, should be adopted." Humphreys v. National Benefit Association, 139 Pa. 264. See Norlund v. Reliance Life Ins. Co., 282 Pa. 389.

The assignments are overruled and the judgment is affirmed.