## Short, Appellant, v. Hughes Coal Co.

Argued April 15, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Peter P. Jurchak,* for appellant.

*Francis A. Dunn,* for appellee.

OPINION BY TREXLER, J., July 2, 1929:

The claimant was injured while on his way to work. He was descending a path on a hill and slipped on ice and was hurt. The place where the accident occurred was not part of the operating premises of the defendant. A better way was around the hill, but the one he took afforded a short cut across it. The company had provided a guide rope along the path.

The Workmen's Compensation law provides compensation for injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee who though not so engaged, is injured upon the premises occupied by or under the control of the employer or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment. It has been definitely determined that employees leaving the premises or returning to work are not covered by the act, unless the employee is still engaged in the furtherance of his master's business: Maguire v. James Lees & Sons Co., 273 Pa. 85; Palko v. Taylor-McCoy C. & C. Co., 289 Pa. 401; Hunter v. American Steel & Wire Co., 293 Pa. 103; Hiles v. Hecla Co. & C. Co., 296 Pa. 34; Humbert v. P. & R. Coal Co., 92 Pa. Superior Ct. 250; Boscola v. Penna. Coal & Coke Co., 90 Pa. Superior Ct. 456.

In Shickley v. P. & R. C. & I. Co., 274 Pa. 360, it is stated "there is a distinction between the word 'premises' as used in the act, and the word 'property', and the word premises cannot be enlarged in its mean-

ing and application so as to include land or property, outside of that used in connection with the actual premises where the employer carries on the business in which the employer is engaged ...... Therefore, the mere fact that defendant company owned the land on which decedent was injured is not sufficient to establish the right of compensation ....... When we speak of the 'premises' in this case, as they are contemplated in the statute, we mean the colliery where decedent was employed."

As long as the employee is not on the premises upon which the operations are conducted, his relative nearness or remoteness does not determine the question. "Premises" means strictly, as stated, the property upon which the employer carries on a particular business in which the employee is engaged. The pathway leading from the top of the hill which served this claimant as a short cut was not part of such premises. Although the employer had put a guide rope along the path, it would hardly be sufficient to charge him with the control and maintenance of the path. The road was not instrumentally used by the company in the conduct of its business and for the furtherance of its affairs.

It seems that the conclusion of the referee and the board and of the court who reviewed the finding, that the place where the accident occurred was not on the operating premises of the defendant but was merely a convenient way for the claimant to come to work, was supported by the testimony and the judgment must therefore be sustained.

The assignments of error are overruled and the judgment is affirmed.