## Leacock, Appellant, v. Susquehanna Collieries Company.

582

Argued March 5, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, BALDRIGE and GRAFF, JJ.

*Roger J. Dever,* for appellant.—An employee is entitled to the protection of the Workmen's Compensation Act in entering and leaving the employer's premises: Rhodes v. The Philadelphia & Reading Railway Company, 4 D. R. Pa. 70; Morucci v. Susquehanna Collieries Company, 15 D. R. Pa. 1443.

*H. A. Gordon,* for appellee.—Returning home from employment is not considered as furthering the mas-

ter's business, unless there is a special contract covering such incidents. Any accident occurring thereafter, though on the property of the employer, is not on the premises as defined by the Compensation Act: Morucci v. Susquehanna Collieries Co., 297 Pa. 508; Palko v. Taylor-McCoy C. & C. Co., 289 Pa. 401.

Opinion by Gawthrop, J., April 18, 1930:

The referee and the Workmen's Compensation Board awarded compensation to plaintiff. The court below sustained exceptions and vacated the award. Plaintiff appeals.

The facts in the case are not in dispute. Plaintiff was employed as a contract miner in defendant's colliery No. 7 and worked in tunnel No. 29. Coal mined in this tunnel is transported over a narrow gauge railroad to No. 7 breaker where it is prepared for market. The railroad passes near the washhouse maintained by defendant for the use of such of its employees at colliery No. 7 as may desire to use it. This washhouse is approximately 5,900 feet from tunnel No. 29. There is also a public highway leading from the vicinity of No. 7 breaker to a point near the mouth of No. 29 tunnel. Most of the men who work in tunnel No. 29 travel the bed of the railroad instead of the highway in going to the washhouse. After working two and a half hours on the morning of the accident claimant, whose two laborers had not reported for work, stopped work and started home, going by the way of the washhouse where he intended to stop and change his clothes. Leaving tunnel No. 29 he followed the railroad tracks toward the washhouse. Soon after starting he was overtaken by a locomotive drawing eight loaded cars and one empty car. The engineer slowed down in order to permit claimant to get aboard. He boarded the locomotive and shortly thereafter the locomotive collided with a train of cars and claimant sustained the injuries for which compensation is sought.

The referee found that claimant "was upon the premises of his employer when injured;" that "the accident was caused by the operation of the employer's business upon said premises;" that he was on his way from the "place of his employment to the washhouse" and was following "the customary route taken by the employees to reach the washhouse."

The question is, was claimant injured in the course of his employment? "Under the Compensation Act an injury in the course of employment embraces all injuries received while engaged in furthering the business of the employer, and injuries received on the premises, subject to these limitations: (1) The employee's presence must ordinarily be required at the place of injury, or, (2) if not so required, the departure of the servant from the usual place of employment must not amount to an abandonment of employment, or be an act wholly foreign to his usual work; it must be merely an innocent or inconsequential departure from the line or place of duty": Shoffler v. Lehigh Valley Coal Co. 290 Pa. 480, 483. At the time claimant was injured he had ceased working and was on his way home. It has been definitely determined that an employee leaving the premises or returning to work is not covered by the act, unless he is still engaged in the furtherance of his master's business; that the term "course of employment" does not cover the time going to or from work after or before regular working hours: Short v. Hughes Coal Co., 96 Pa. Superior Ct. 237, and cases therein cited. "Returning home from employment is not considered as furthering the master's business unless there is a special contract covering such incidents. Any accident occurring thereafter, though on the property of the employer, is not on the premises, as defined by the Compensation Act ........ Premises is a narrower word than property; it does not include property outside of that connected with the actual place where the employer carries on the business in which the

employee is engaged'': Morucci v. Susquehanna Collieries Co., 297 Pa. 508, 512, 513. Our Supreme Court, speaking through Mr. Justice KEPHART in Shoffler v. Lehigh Valley Coal Co., supra, said: ''The employer's premises for the particular employee must ordinarily be the place where his duties are usually carried on.'' If the employee is injured on the premises where his duties do not require him to be, the departure from the usual place of employment must not amount to an abandonment of his work, but must be an innocent or inconsequential departure from the place of duty: Hunter v. American Steel & Wire Co., 293 Pa. 103, 107. Proof that the property was employed by defendant, in the conduct of its affairs, is not enough by itself to justify an award, and the claimant must establish that his presence thereon at the time of injury was required by the nature of his employment: Meucci v. Gallatin Coal Co., 279 Pa. 184; Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70. Appellant failed to meet this burden. He was a miner working in tunnel No. 29. He had nothing to do with the operation of the railroad. His employment did not require him to use it. He had ceased work, had left the scene of his employment and was returning home. The relation of master and servant had ceased to exist, although he was still upon the employer's property. ''Where an employer merely permits or authorizes the use of his facilities by an employee to return home, it is not considered as being in the course of employment, but as a convenience to the employee, and an injury happening under such circumstance does not bring the employee within the Compensation Act: Morucci v. Susquehanna Collieries Co.,'' supra.

Appellant endeavors to escape from the application of the foregoing legal principles by reason of the facts that he was going to the washhouse to change his clothes when he was injured, and that the Act of June 2, 1891, P. L. 176, provides that it shall be the duty of

the operator of an anthracite coal mine, when requested in writing by twenty or more men employed in the mine, to provide a suitable building which shall be convenient to the principal entrance of such mine for the use of persons employed therein for the purpose of washing themselves and changing their clothes when entering the mine and returning therefrom. It is earnestly urged in his behalf by his able counsel that when defendant established the washhouse all paths and routes which the employees were permitted to take from the mine to the washhouse were a part of the premises. We are unable to adopt that view. There is nothing in this Act of 1891, or the rules of the defendant company, which requires the employees to use the washhouse. The use of this facility was optional with each employee. "It cannot be said that an employee's rights depend on the place where he changes his clothes ...... The place where the employee dressed had no bearing on the employer's business": Houlehan v. Pullman Co., 280 Pa. 402. Claimant's presence at the washhouse being required neither by the act of assembly mentioned, nor by any rule of the company, his presence there was not required by the nature of his employment. We concur in the conclusion of the court below that the undisputed underlying facts do not support the conclusion of the referee and the board that claimant was injured in the course of his employment. This is a conclusion of law reviewable by the courts: Houlehan v. Pullman Co., supra.

The judgment is affirmed.