Hohman *v.* George H. Soffel Co. et al., Appellants.

Argued April 11, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*David M. Kaufman,* for appellants.

*C. Dale Blair,* for appellee.

OPINION BY BALDRIGE, P. J., July 19, 1945:

It is admitted on the record in this compensation case "that the claimant, on December 24, 1941 was injured in an automobile accident as a result of which he became totally disabled immediately and is still totally disabled."

The right to an award hinges on whether claimant at the time of the accident was actually engaged in the furtherance of his employer's business or affairs as provided by section 301, article III, of the Act of 1915, June 2, P. L. 736, as last amended by the Act of 1939, June 21, P. L. 520, 77 PS §411. The board affirmed the referee, who made an award and it was sustained by the court below. It is now affirmed by us.

Whether the claimant was engaged in the course of the actual employment depends upon a finding of fact as well as a conclusion of law. The latter is reviewable by us to determine whether the underlying facts are sufficient to bring this case within the statutory requirements. We will apply ourselves to that task.

The claimant was a foreman plumber for the George H. Soffel Co. He did not do regular work at a definite location. He went to different places on various jobs, all of a temporary nature, in and around Pittsburgh.

When one job was completed he would be assigned by his employer to another. He usually went directly from his home to his work, reporting from time to time to his superintendent by telephone the progress he was making and received from him any instructions he had to give. It was his custom to go to his employer's shop when he was working away from Pittsburgh, only about once every three weeks. On the jobs outside the city, especially where, as here, there was no convenient transportation facility, he used his own car and was allowed daily travelling charges, the amount depending on the location of his work. It could be reasonably inferred that this special arrangement to pay, and in a sense provide, for transportation was to the advantage of the employer: *Nilsson v. Nepi Bros. et al.,* 138 Pa. Superior Ct. 107, 112, 9 A. 2d 912; *Garratt v. McCrady Construction Co. et al.,* 114 Pa. Superior Ct. 579, 583, 174 A. 808. He oftentimes carried in his car necessary plumbing supplies and materials to be used in his work, delivered at his home by his employer.

The first part of December 1941, the claimant was assigned to a job at Groveton, some 18 miles distant from Pittsburgh. On the evening of December 23, there remained 5 or 6 hours work to complete the Groveton job. That day he received orders from Mr. Bennett, defendant's superintendent, that when it was finished: "You bring your car to the shop and we'll get some material ready that I want you to take up to Butler on Friday." The following day the claimant left his home about 7:30 A. M. carrying in his car a piece of sheetlead and some solder remaining from a previous job, intending to drive to Groveton to complete that job with those materials, and then report to the defendant's office in obedience to orders. On his way to Groveton he got out of his car after it had skidded and was hit by another car, resulting in serious injuries.

It is well established that when one is injured by an accident off the premises of his employer, he is not en-

titled to compensation unless he is at the time of the accident actually engaged in the furtherance of his employer's business or affairs; that in the absence of special circumstances, an accidental injury in going to work or returning is not compensable: *Kerwin v. Susquehanna Collieries Co.*, 112 Pa. Superior Ct. 594, 172 A. 24. Accordingly, as the claimant was injured off his employer's premises, the burden was on him to show that he sustained a compensable accident. Our conclusion is that the general rule is not applicable to the facts before us. See *Messer v. Manufacturers Light and Heat Co.*, 263 Pa. 5, 106 A. 85; *Haddock v. Edgewater Steel Co. et al.*, 263 Pa. 120, 106 A. 196; *Knorr v. Central Railroad of New Jersey*, 268 Pa. 172, 110, A. 797; *Miller v. Keystone Appliances, Inc. et al.*, 133 Pa. Superior Ct. 354, 2 A. 2d 508.

In the *Miller* case a workman was fatally injured while operating his automobile when accompanied by his wife, returning to their home from a picnic given by his employer. Deceased was a salesman and was paid solely on a commission basis, used his own car, but was allowed mileage. This picnic was for the purpose of having employes get together and become better acquainted, thus promoting cooperation in the work of the defendant company. We held, notwithstanding the mission had both social and business aspects, that as the deceased was enroute to his home on what in effect was a special mission or errand for his employer, he was properly considered in the course of his employment.

The facts in *Keely v. Metropolitan Edison Co., et al.*, 157 Pa. Superior Ct. 63, 41 A. 2d 420, are quite similar to those before us and control this case. Keely was employed as a surveyor who lived in Reading, but had been working on a temporary job making a preliminary survey in the city of Easton, where he remained until the end of the week. He travelled between his home and his place of work in his own automobile

and was allowed extra compensation for each mile he travelled. On February 29, 1941, he was returning from Easton to his home in Reading during a snowstorm when he met with an accident. We held the claimant was on a special mission, that his use of his own car was for the benefit of both himself and his employer, and when injured he was furthering the interest of his employer under the terms of employment.

True, as appellants argue, this claimant had not reached the place where he was finishing a job, but he was enroute there in pursuance to special arrangements with, and under definite orders from, his employer and was delivering necessary supplies to his job. He was, therefore, injured while actually engaged in the business and affairs of his employer.

Judgment affirmed.