## Newman, Appellant, v. Congregation of Mercy and Truth.

. Argued September 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Sydney Finkelstein,* for appellant.

*Richard D. Harburg,* with him *Herbert A. Barton,* and *Swartz, Campbell & Henry,* for appellees.

OPINION BY WRIGHT, J., November 16, 1961:

This is a workmen's compensation case in which the Board disallowed benefits on the ground that claimant's decedent "did not sustain an accident within the course of his employment". Upon appeal to the Court of Common Pleas of Montgomery County, claimant's exceptions were dismissed and the decision of the Board was affirmed. This appeal by claimant followed.

The record discloses that Frank Newman, claimant's husband, was employed as a cantor and teacher by the Congregation of Mercy and Truth, High and Warren Streets, Pottstown, Pennsylvania. Newman resided at 554 High Street, which is directly opposite the synagogue. At 8:00 p.m. on Friday, November 8, 1957, a rainy evening, Newman started to walk from his home to the synagogue. The Jewish Sabbath had commenced at sundown and Newman was to chant the evening prayers. While crossing High Street, Newman was struck by an automobile and sustained multiple injuries, as a result of which he died two days later. The Congregation of Mercy and Truth is an Orthodox Congregation, and a condition of Newman's employment was that he live the life of an Orthodox Jew. One of the requirements of such a life is that, on the Sabbath, vehicles should not be used for transportation. It is this circumstance primarily which gives rise to the present appeal.

The rationale of the Board's decision, adopted by the court below, was that Newman was on his way to work and had not yet reached the premises of his employer. Appellant contends (1) that her husband's employment required him to walk to the synagogue on the Sabbath; (2) that his duties were not limited solely to services within the synagogue; (3) that observance of the life of an Orthodox Jew forbade him to use vehicles for transportation on the Sabbath; and (4) that walking to work on the Sabbath was actually furthering the interests of his employer. These four contentions may be consolidated and resolved into the basic question, namely, was appellant's husband in the course of his employment at the time of the fatal accident?

Whether the decedent was in the course of his employment when fatally injured is a question of law to be determined on the basis of the facts: *Wolfingbarger v. Addressograph-Multigraph Corp.*, 188 Pa. Superior

Ct. 136, 146 A. 2d 309. In resolving that issue, there is no formula which may be applied to all cases: *Rybitski v. Lebowitz*, 175 Pa. Superior Ct. 265, 104 A. 2d 161. Where the injury occurs off the premises of the employer, compensation may not be awarded unless the employe was actually furthering the employer's business: *Anetakis v. Salvation Army*, 191 Pa. Superior Ct. 268, 156 A. 2d 590. The burden to establish such fact is upon the claimant: *Smith v. Frederick Investment Co.*, 152 Pa. Superior Ct. 534, 33 A. 2d 510. As a general rule, an employe who is injured on his way to work, and before reaching the premises of the employer, cannot recover compensation: *Giallonardo v. St. Joseph's College*, 177 Pa. Superior Ct. 87, 111 A. 2d 178. This general rule is subject to an exception if the contract of employment includes transportation to and from work, or if the employe does not have a fixed place of work, or if he is on a special mission for the employer. See *Keim v. Burkholder*, 182 Pa. Superior Ct. 460, 127 A. 2d 752.

Counsel for appellant argues that an exception to the general rule should also be made in the instant situation. However, the cases upon which he relies are clearly distinguishable on their facts. *Weiss v. Freidman's Hotel*, 176 Pa. Superior Ct. 98, 106 A. 2d 867; *Dupree v. Barney*, 193 Pa. Superior Ct. 331, 163 A. 2d 901; and *Henry v. Lit Bros.*, 193 Pa. Superior Ct. 543, 165 A. 2d 406, involved accidents on the premises of the employer. In *Ristine v. Moore*, 190 Pa. Superior Ct. 610, 155 A. 2d 456, compensation was denied to a claimant whose husband was killed while crossing the street from his place of employment to his home. *Healey v. Hudson Coal Co.*, 130 Pa. Superior Ct. 462, 198 A. 684, and *Hadfield v. American Society of Composers, Authors and Publishers*, 174 Pa. Superior Ct. 394, 101 A. 2d 423, illustrate the type of case in which the work of the employe requires him to travel. In *Keim v. Burk-*

*holder,* supra, 182 Pa. Superior Ct. 460, 127 A. 2d 752, the decedent "was temporarily performing extra duties at a location other than his regular place of employment for additional compensation by virtue of a special arrangement". Similarly, in *Combs v. Cole Bros. Circus,* 165 Pa. Superior Ct. 346, 67 A. 2d 791, the employe was directed to perform an extra duty after his regular work had been completed. In *Kramer v. Philadelphia,* 179 Pa. Superior Ct. 129, 116 A. 2d 280, a traffic officer was injured while taking his motorcycle to the garage. It was held that he was "performing a duty required of him by reason of his employment".

We have made the foregoing analysis of the cases cited in appellant's brief in order to demonstrate that they are not controlling in the present factual situation. It is true, as argued by appellant, that her husband "had to fulfill a number of religious duties that took place outside the synagogue. Some of these duties were the washing of meat at the butcher store, participation at funerals, weddings, memorial services and tutoring of pupils in the homes of the pupils and in decedent's home". However, the accident did not occur while decedent was engaged in any duty off the premises. Counsel for appellees contend that "the issue concerning decedent's 'walking' is one of fact", and that the Board decided this issue against the claimant. They label as "hypocritical sophistry" the contention of appellant that her husband was walking in order to avoid violating a requirement of his employment. It seems to us that an obvious reason for decedent's walking was the fact that he lived right across the street. More importantly, the requirement that decedent walk on the Sabbath was the obligation of any Orthodox Jew who practiced his religion. In the words of Chairman Dorris, speaking for the Board: "His walking to the services was not because the decedent was a Cantor, but because he was religious". Where the compensation

authorities refuse to find facts in favor of the party having the burden of proof, the question on review is not whether the evidence would sustain such a finding, but whether there was a capricious disregard of competent evidence in the refusal so to find: *Rettew v. Graybill*, 193 Pa. Superior Ct. 564, 165 A. 2d 424. We do not perceive any capricious disregard of competent evidence in the case at bar.

In summary, our review of this record in the light of the applicable legal principles, leads us to the conclusion that the Board and the court below properly determined that appellant's husband was not in the course of his employment at the time of the fatal accident. Notwithstanding our sympathy for claimant, we find no reason to place this decedent in a category different from that of any other employe who is injured on his way to work, and before reaching the employer's premises.

Order affirmed.