## Self v. Weibel

*Joseph A. Malloy, Jr.,* for plaintiff.
*James Wilder,* for defendant.

MARSHALL, J., June 16, 1972.—This trespass action is before the court on cross motions for summary judgment, pursuant to Rule 1035 of the Pennsylvania Rules of Civil Procedure.

The parties have stipulated to all operative facts as summarized below.

Plaintiff, Gertrude Self, brought this action for personal injuries she sustained as a passenger in an automobile owned and operated by defendant, Dr. Robert Weibel, at the time of the accident. Defendant admits liability for the accident but by way of defense, defendant asserts that the facts of the case place plaintiff within coverage of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §1, et seq., and that recovery under the act is plaintiff's exclusive remedy. It was stipulated that there is no

issue of fact concerning negligence or injuries and the sole issue is one of law, to wit, the application of the Workmen's Compensation Act. In order for the act to apply, the court must find that plaintiff and defendant were fellow servants.

The accident occurred on February 12, 1964, at 7:30 a.m. near Vineland, N.J., while plaintiff was a passenger in defendant's car. Both plaintiff and defendant were engaged in a research program for the Children's Hospital under a grant from Merck Sharp and Dohme Laboratories. They received salaries from Children's Hospital. At the time of the accident, plaintiff and defendant were en route to the Vineland State School, Vineland, N.J., where they were to administer tests under the aforesaid research program. Both had been directed there by the Children's Hospital.

Plaintiff performed her duties under the program at the Merck Sharp and Dohme Laboratories in West Point, Pa., when not specifically assigned to testing at Vineland State School. Defendant worked at his private office in Havertown, Pa., when not assigned to the program by Children's Hospital.

As a matter of personal convenience, on the day of the accident, plaintiff arranged to meet defendant at a predesignated place and ride with him to Vineland. She was not directed nor required to ride with Dr. Weibel by her employer. The employer did not make any arrangements for the travel. Neither plaintiff nor defendant worked at Children's Hospital, and they did not report there on this day. If defendant used his own automobile, he was paid 10 cents a mile. If plaintiff had used her automobile, she would have been paid 10 cents a mile for travel.

As a matter of personal convenience, while riding to Vineland, plaintiff was opening and preparing equipment that would be used in the research program

upon arrival at Vineland. This activity was not directed or required by the employer to be done while en route to Vineland.

Following the accident, upon application by Children's Hospital, not plaintiff, the Workmen's Compensation Insurance carrier paid some of plaintiff's medical bills.

As a result of the accident, plaintiff suffered serious injuries consisting of severe lacerations of the forehead, severe lacerations and contusions of the upper left side of her body, sprain of the left hand and shock.

She underwent emergency surgery at the Newcombe Hospital, Vineland, N.J., and incurred a bill of $285.75. The surgery was performed by E. N. Mattioli, M.D., and his bill was $400. She was then transferred to the University of Pennsylvania Hospital where she underwent plastic surgery performed by Peter Randall, M.D. The hospital charges totaled $171.58, and Dr. Randall's fee was $260. In addition to the foregoing, plaintiff incurred the following medical expenses: Ferdinand Felter, M.D., $45; P. H. Chamberlin, M.D., $100; P. L. Carmichael, M.D., $10; Lankenau Hospital, $4.

Her medical specials totalled $1,276.33. She also lost items of clothing valued at $103. Plaintiff was forced to absent herself from her employment for a period of 14 days and incurred a wage loss of $211.54.

The only legal issue raised is whether at the time of the accident plaintiff and defendant were fellow servants engaged in the course of their employment, under the conditions and circumstances as set forth in the agreed statement of facts, thereby requiring the Workmen's Compensation Act to be applied exclusively to the claims of plaintiff. Controlling such a factual situation is the general rule that an employe who is injured on his way to work and before reach-

ing the premises of the employer cannot recover under Workmen's Compensation: Newman v. Congregation of Mercy & Truth, 196 Pa. Superior Ct. 350, 353, 175 A. 2d 160, 161-62 (1961); Giallonardo v. St. Joseph's College, 177 Pa. Superior Ct. 87, 92, 111 A. 2d 178, 181 (1955); Keim v. Burkholder et al., 182 Pa. Superior Ct. 460, 464, 127 A. 2d 752, 754 (1956). These cases indicate that when the Workmen's Compensation Act, 77 PS §72, does not apply, an employe may bring a common-law action in tort for injuries sustained.

There are three exceptions to the general rule, however: (1) Where the contract of employment includes transportation to and from work; (2) where the employe does not have a fixed place of work so that his home in effect constitutes his headquarters; and (3) where the employe is on a "special mission" for the employer: Keim v. Burkholder, supra, at page 464, 127 A. 2d at page 754.

Also it must be noted that when the employe seeks to invoke coverage of the act, he has the burden of proving by a preponderance of the evidence all the elements necessary to support an award of compensation: Giallonardo v. St. Joseph's College, supra, at 90, 111 A. 2d at page 180. And where, as here, a third party rather than the injured person seeks to have the act applied and to use the exclusive remedy coverage of the act as a defense to a common-law trespass action, the burden of proving that the act applies should fall on that party. The question, therefore, is whether defendant has proved this case comes within any of the exceptions to the general rule.

The courts consistently have held in cases in which a contract of employment provided for the employe to be furnished with transportation to and from work or where the employe agreed to work only on the condi-

tion that transportation was provided, that the employe was within the scope of his employment while in the course of his travels: Campagna v. Ziskind, 287 Pa. 403, 135 Atl. 124 (1926); Dunn v. Trego et al., 279 Pa. 518, 124 Atl. 174 (1924); Knorr v. Central Railroad of New Jersey, 268 Pa. 172, 110 Atl. 797 (1920).

Another line of cases considers the employe to be within the scope of his employment when the employer furnishes transportation for the employe without a contractual requirement or without a precondition to work. The vehicles used were those of the employer: Butrin et al. v. Manion Steel Barrel Co. et al., 361 Pa. 166, 63 A. 2d 345 (1949); Susman v. Kaufmann's Department Store, 182 Pa. Superior Ct. 467, 128 A. 2d 173 (1956).

A "special mission" situation is one where extra or additional duties are imposed on an employe for which he is paid from the time he leaves on the mission to his return: Cymbor v. Binder Coal Co. et al., 285 Pa. 440, 132 Atl. 363 (1926), cited in Campagna, supra. In all of these situations, the courts have applied the Workmen's Compensation Act to the claim. Parenthetically, it should be noted that in all of these cases, plaintiff was seeking application of the Workmen's Compensation Act, unlike the instant situation where plaintiff is seeking to avoid application of the act to her.

It is defendant's contention that plaintiff's transportation was provided either by way of direct compensation or arrangement of transportation and that in either case this constituted an emolument and was a consideration of the employment. There are two fallacies in defendant's argument. First, it cannot be presumed that plaintiff's transportation was provided, either by direct compensation or by any arrangement,

for the stipulated facts are that plaintiff could be compensated for transportation only if she drove her own car. Nothing in the facts indicates that she would have been paid if she used any other means of transportation, public or private. Nor was plaintiff paid for the time spent in transit. As the stipulation indicates, the transportation provided by defendant to plaintiff on the day of the accident was merely personal convenience.

The present case is clearly distinguishable from any of the cases which parties cite or which the court has found in its research. Every case involving contractual provisions for transportation of the employe to and from work not only involves a company vehicle, or a company-provided vehicle, but also involves a finding of need, use, or convenience for the benefit of the employer.

In the instant case, although there was an agreement as part of the contract of employment to compensate plaintiff at 10 cents per mile in the event that she drove her own vehicle, there are no other facts which bring this case within the confines of the previously cited cases. It was merely by chance that plaintiff and defendant happened to be riding in the same vehicle on the way to the same place of employment and not by arrangement of the employer by contract. Since the contract of employment did not require the employer to furnish the means of going to and returning from work, as that concept has been applied by the cases cited, the court holds that at least insofar as this exception to the general rule was concerned, defendant has failed to prove that plaintiff and defendant were fellow servants engaged in the course of their employment at the time of this accident.

Nor does the instant case fall within the second exception to the general rule, where the employe does

not have a fixed place of work so that his home, in effect, constitutes his headquarters. Plaintiff normally performed her research grant duties at the Merck Sharp and Dohme plant at West Point, Pa. On occasion, however, plaintiff was required to perform work under the grant at the Vineland State School in Vineland, N.J. Nothing in the stipulated facts indicates that plaintiff ever worked in conjunction with her employment at her home.

The evidence has also failed to place plaintiff within the third exception to the general rule, the "special mission" situation. In these cases, there are generally no fixed hours of employment, or the employe is on a specific errand for the employer for which he must report back results. Often the employe is paid for the time when he commences on the mission until his return. In such a situation, the court has held that the employe is acting within the scope of his employment from the moment he leaves on his errand until he reports back and satisfies the employer that the mission has been accomplished. If the employe is injured during his travels, he would be covered by the Workmen's Compensation Act: Haddock v. Edgewater Steel Co. et al., 263 Pa. 120, 106 Atl. 196 (1919).

In the instant case, per the stipulated facts, plaintiff had regular working hours in conjunction with the research project when working at West Point, Pa., or in Vineland, N.J. Her employment at Vineland State School was fixed and regular, although only occasional. Plaintiff was given no additional compensation for the time spent in travel to Vineland and was only compensated for the travel expense if she drove her own vehicle. Nor did she have to report results to Children's Hospital of the particular day's efforts.

Plaintiff's duties in Vineland, N.J., and travel thereto, cannot be considered a "special mission."

More persuasive is the rationale of the courts in cases where off-site parking lots were provided by employers but employes were not required to use them. The employe exercising his option, then injured because of a defect on the parking lot or on the pavement en route to the employer's plant entrance was held not to be within the scope of his employment nor injured on the employer's premises: Vardzel v. Dravo Corp., 402 Pa. 19, 165 A. 2d 622 (1960); Eberle v. Union Dental Co., 390 Pa. 112, 134 A. 2d 559 (1957); and Young v. Hamilton Watch Co., 158 Pa. Superior Ct. 448, 45 A. 2d 261 (1946).

In the instant case, plaintiff also had options: to use her own vehicle, public transportation or convenience of riding with Dr. Weibel to the same destination. The employer exercises no control over the method of transportation used by plaintiff; nor was transportation provided. Because of the optional nature of her transportation and lack of control by the employer, plaintiff cannot be considered to be within the scope of employment at the time of the injury.

Defendant's argument that plaintiff was within the scope of her employment because of her conscientious efforts to prepare materials for use at Vineland State School while en route, is without merit and would be punishment for the efficiency and dedication of this plaintiff to her work. Such preparation was not required, and again, the essential element of control by the employer of the activity is missing under the facts of the instant case. Neither of the cases cited by defendant (Keim v. Burkholder, supra, and Lints v. Delaware River Ribbon Manufacturers, Inc., 173 Pa. Superior Ct. 540, 98 A. 2d 643 (1953)), sheds any light

on the situation with which this case is concerned. The court has found no case which supports defendant's contention with regard to the advance preparation of the syringes.

In every case in which the employe has been found to be within the scope of his employment, there is an element of control by the employer over the employe. Where the employe is voluntarily and as a matter of his own convenience making some preparation for his work before reaching his place of employment, or where the employe is free to choose the matter and means by which he reaches his place of employment, even though one choice provides for reimbursement, it would seem that there is not the requisite control that is present in every case where the act has been applied. The traditional concept of control which the employer exercises over the employe (see Joseph v. United Workers Association, 343 Pa. 636, 23 A. 2d 470 (1942)) has not been proved. Moreover, defendant has failed to meet the burden of proving that plaintiff comes within any of the previously discussed exceptions to the general rule that employes en route to work are not within the scope of their employment. Lacking such proof, this court holds as a matter of law that plaintiff was not within the scope of her employment at the time of the accident and, therefore, she and defendant are not fellow servants.

In accordance with the stipulation of the parties that upon a finding that the act did not apply, the court should assess damages, the court has considered the evidence on medical condition and treatment, as well as lost wages in accordance with established principles of law concerning damages. It is the opinion of the court that plaintiff is entitled to receive $11,500.

## ORDER

And now, this June 16, 1972, plaintiff's motion for summary judgment is granted, and judgment is entered in favor of plaintiff and against defendant in the sum of $11,500.